## THE TERRITORY OF WYOMING *v.* PIERCE.

PRACTICE IN CRIMINAL CASES—ARREST OF JUDGMENT.—A motion in arrest of judgment can only reach defects apparent in the record.

IDEM.—Where the question raised as to a defect in the jurisdiction of the court did not appear in the record: *Held,* that a motion in arrest of judgment was improperly sustained.

IDEM.—No defect in evidence can be urged for an arrest of judgment.

ERROR to the First District Court for Laramie County.

A sufficient statement of the case is contained in the opinion.

*W. W. Corlett,* for plaintiff in error.

In this cause no objection was taken at any time to the jurisdiction either of the grand jury or the court, until the same was taken by the motion in arrest of judgment. Previous to this a motion for a new trial had been made in the case and overruled.

I. The defect in jurisdiction did not appear in the record. A motion in arrest of judgment can only reach defects apparent in the record: See 1 Arch. Crim. Prac. and Plead., 672 *et seq.;* 1 Bish. Crim. Pro. sec. 850 *et seq.;* 1 Whar., sec. 603.

II. On the question of the jurisdiction of the court: see 1 Bish. on Crim. Law, sec. 552 *et seq.;* 2 Whar. on Crim. Law, sec. 1052 *et seq.;* 12 Pick. 496, 505, 506; *Burns* v. *People,* 1 Parker, 182, 185; *Riley* v. *The State,* 3 Humph. 649; *Rex* v. *Burdett,* 4 Burn. & Ald. 95, 173; Laws of Wyoming, 1869, p. 486, sec. 115.

*William H. Miller* and *W. P. Carroll,* for defendant in error.

In response to the bill of exceptions herein filed, in behalf of the territory of Wyoming, as plaintiff in error, by the prosecuting attorney of the county of Laramie, W. W. Corlett, William H. Miller and W. P. Carroll, attorneys of said court, duly appointed by J. W. Fisher, chief justice of said territory and judge of the first judicial district, to argue against the prosecuting attorney, in the supreme court, all the matters which may be properly presented to said court by the said bill of exceptions and in the records of said cause, duly and properly certified to the said supreme court. In pursuance of said appointment we will, in the argument of said cause and of the errors assigned in said bill of exceptions, and for the purpose that the judgment of the court below in the cause may be sustained by the said supreme court, refer to the following citations and authorities, to wit: 1 Bright. Fed. Dig. p. 319, sec. 491, *U. S.* v. *McGill;* and sec. 492, *U. S.* v. *Bladin;* also to 2 Abb. Nat. Dig. p. 77, 31, and p. 617, sec. 21; 1 Bish. Crim. Pro. p. 48, sec. 68 and the following sections; also to 2 Green's Rep. (Iowa), 286, and the following pages in case of *Nash* v. *State,* 2 Whar. Amer. Crim. Law, sec. 1052 and following pages, with notes b and c; also to 1 Bish. Crim. Law, sec. 67, and following pages and notes; 2 Black. 268; Laws of Wyoming, 1869, chap. 15, p. 291, title Common Law; Laws of Wyoming, 1869, p. 500, sec. 184; 19 How. 395, 445 and 451; 1 Kent. p. 363, sec. 341-2, also p. 500 and 354 following; 2 Story on Con. p. 484, sec. 1645; also p. 568 Organic Act Wyoming territory; Bennet & Heard, 2 Mass. Dig. 48; 1 Bright. Fed. Dig. p. 506, sec. 97, also secs. 109, 110; Ros. Crim. Ev., p. 180, title Jurisdiction.

By the Court, CAREY, J. This is a bill of exceptions presented by the prosecuting attorney of Laramie county, and filed by permission of this court, under sections 146, 147, 148 and 149 of the code of criminal procedure.

The record in this cause shows that the defendant Richard Pierce, was indicted, arraigned, and after pleading not guilty, was tried and convicted of the crime of manslaughter at the November term, 1873, of the district court, first judicial district, in and for the county of Laramie. The jury that found the verdict fixed the term of imprisonment at three years. The defendant at the same term moved the court to set aside the verdict and grant a new trial, which motion, after argument, was overruled. Thereafter, at the same term, the defendant filed a motion to arrest the judgment, which motion, after argument by counsel, was sustained by the court. The reason assigned in the motion is as follows: "That the grand jury which found and returned the indictment had no authority to inquire into the offense charged in said indictment, by reason of its not being within the jurisdiction of the court." The prosecuting attorney, under section 146 of the code of criminal procedure, excepted to the ruling of the court in sustaining the motion for arrest of judgment, which exception is the basis of the bill of exceptions filed in this cause. The motion for arrest of judgment is in the language of first subdivision of section 184 of the code of criminal procedure, which provides for the arrest of judgment in certain cases.

The question, therefore, presented to this court for decision is, whether the district court erred in arresting the judgment which reduces itself under the motion to the proposition whether the cause did exist for an arrest of judgment as is alleged in said motion. The law, as held by the courts of England and adopted by the courts of this country in the absence of statutory provision, is, that a cause for which a motion for arrest of judgment may be grounded, must be an objection which arises upon the face of the record itself, and which makes the proceedings apparently erroneous, and no defect of evidence can be urged for arrest of judgment: 1 Archibald's Crim. Prac. 671; 1 Bishop's Crim. Proc., sec. 850; Whart. Crim. Law. sec. 3043, and cases cited therein. The foregoing has also been

held to be the law in Indiana, where the statute similar to ours, provides that judgment may be arrested on a verdict when there is a want of jurisdiction in the court over the offense charged: 5 Ind. 1. The crime of manslaughter is an offense against the laws of this territory, and section 115 of the code of criminal procedure provides that offenses must be tried in the county where committed, unless there is a change of venue or judge.

The indictment in this case charges that the defendant committed the crime of manslaughter within the county of Laramie. The grand jury that found the indictment was impaneled in the district court, sitting in and for said county, to inquire into all offenses alleged to have been committed in said county. The jurisdiction of the said court is extensive with the boundaries of the said Laramie county, and there can be no doubt that it had jurisdiction of the offense as charged in the indictment. If the evidence did not maintain the charge in the indictment and justify the verdict of the jury, and the court overruled a motion for a new trial on this ground, it should have been assigned as error by the defendant. No defect in the evidence can be urged as a ground for an arrest of judgment. Any matter for which a new trial may be granted is waived by neglecting to move for a new trial for that reason: 12 Indiana, 675; 14 Id. 540; and 15 Id. 274.

For the foregoing reasons the decision of this court is; that the district court should not have sustained the motion for arrest of judgment on the verdict.