## McGINNIS v. STATE.

CRIMINAL LAW—INDICTMENT AND INFORMATION—STATING TIME AND PLACE OF CRIME—DESCRIPTION OF MONEY—AMENDED INFORMATION —FILING WITHOUT LEAVE—JURISDICTION—PLEA OF FORMER CONVICTION—TIME FOR INTERPOSING—NOT GROUND FOR MOTION IN ARREST—HEARING UPON PLEA IN BAR—ABSENCE OF RECORD—PRESUMPTION.

1. In an information naming in its caption the state and county, it was alleged that the county and prosecuting attorney of the same county (naming it) informs the court &c., that the defendant (naming him) "late of the county aforesaid, on the 12th day of December, A. D. 1905, at and in the county aforesaid" &c. *Held,* that the county within which the offense was committed and the·time of its commission were each alleged with certainty.

2. Where property stolen or taken by robbery is money it is sufficient under Section 5311, Rev. Stat. 1899, to describe it in an information for robbery simply as money, without alleging that the money stolen was lawful money of the United States.

3. The district court, which has original jurisdiction in all criminal cases, is not without jurisdiction to proceed upon an amended information because the same was filed without leave first granted, and the fact that an amended information was so filed is not a proper ground for a plea to the jurisdiction, nor for a motion in arrest of judgment.

4. Though it is usual to first obtain permission to file an amended information, the overruling of defendant's plea to the jurisdiction on the·ground that the amended information was filed without leave first had and obtained will be considered as an affirmance of the right of the prosecution to file it, no prejudice thereby being shown upon the record to any substantial right of the accused.

5. The time for interposing a plea of former conviction is when the accused is arraigned, and is not properly presented for the first time as a ground for a motion in arrest of judgment.

6. There is no record upon appeal to support a plea or allegation in a motion in arrest of the former conviction of the defendant where there is no showing that a record of any such conviction was produced in the court below or returned as a part of the proceeding in the appellate court.

7. A plea in bar, as on the ground of former conviction, when it raises an issue of fact is triable by a jury, but the sufficiency of the plea in the first instance is for the court, and when the plea is specific, raises no issue of fact, but presents solely a question of law, the question is then one for the court and not for the jury.

8. Where an amended plea, made more specific by order of the court, is not brought into the record, alleged error in sustaining a demurrer thereto cannot be considered; and, error, therefore, in that respect not affirmatively appearing, it will be presumed that the question was one of law, and that the ruling thereon was predicated solely on the law. as applied to the facts set up in the plea.

[Decided July 15, 1908.]                    (96 Pac. 525.)

ERROR to the District Court, Converse County, HON. CHARLES E. CARPENTER, Judge.

The facts are stated in the opinion.

*Allen G. Fisher,* for plaintiff in error.

The court was without jurisdiction to try the amended information, four terms having elapsed without trial from the time of the former imprisonment. (R. S. 1899, Sec. 5382.) This section is a statutory interpretation of Article VI, Constitution of the United States, and a similar provision of the State Constitution. The point was properly pleaded by plea to the jurisdiction, and by plea in bar. (11 Neb. 221; Leony v. State, 62 Neb. 626; Whitman v. State, 46 Neb. 144; State v. Crook, 16 Utah, 212; 17 Ency. L. (2nd Ed.) 594; McGuin v. Wallace, 109 Ind. 284; Johnson v. State, 42 O. St. 207; 9 Cyc. 265; State v. Fields, 106 Ia. 406.) The information was bad because it did not allege in apt language that the defendant and the alleged victim were "then and there" in Converse County at the time of the assault, or that the money stolen was lawful money of the United States. It is universal that "then and there" or a full description of the crime and venue shall be charged. (Bartley v. State, 53 Neb. 320.) Although the statute permits money to be described as money,

yet in the Edelhoff and Garbonati cases, the description which was held sufficient was "lawful money of the United States" and this was held to avoid the necessity of describing the several coins or bills. The plea in bar was good because it alleged a former conviction and sentence and performance of the sentence for an identical crime or misdemeanor included in the crime described in the information, and it cannot be claimed there was a waiver by the granting of a new trial because none was granted. (9 Cyc. p. 283; 55 Kan. 326; State v. Hatcher, 36 Mo. 641; People v. McDaniels, 137 Cal. 192; State v. Bruffy, 11 Mo. App. 79.) And this will be so although no judgment was pronounced. (State v. Elden, 41 Me. 165; Hartung v. People, 26 N. Y. 167; State v. Fields, 106 Ia. 406.) There was no judgment upon any of these pleas *respondeat ouster* and accordingly the court was without jurisdiction to further proceed. No plea to the general issue waived these defects nor restored the jurisdiction of the court. The information was bad because it charges no crime or offense, because the county attorney did not conclude with a declaration upon oath that such crime had been committed.

*W. E. Mullen,* Attorney General, for the State.

The record presented on appeal consists of what purports to be the original papers and journal entries, no bill of exceptions having been filed. Appellant's plea to the jurisdiction of the court below alleged that although four terms of court had intervened in Converse County, between the time of his former imprisonment, and the filing of said plea, without information filed, or trial had therefor, the court was without jurisdiction, Sec. 5382, R. S., being cited. That section, by its own terms has no application where the delay shall happen on the application of the prisoner. The alleged delay in the case at bar being an inc'dent to the appeal taken by appellant from the verdict and judgment of conviction, was caused by the application of the prisoner for a new trial. The section has no application

whatever under such circumstances. (In re Murphy, 34 Pac. 834, (Wash.); People v. Lundin, (Cal.) 52 Pac. 807.) The ruling made by the trial court on the plea of abatement is not discussed in the brief. The plea in bar contains a sworn statement of facts in direct conflict with the allegations of the plea to the jurisdiction. The plea in bar alleges that a trial was, in fact, had at the April, 1906, term of the court, in which a verdict of guilty was returned and a judgment entered thereunder. Former conviction and satisfaction of sentence is apparently here relied upon as a defense, and by a strange process of reasoning it is argued by counsel that appellant has satisfied the judgment imposing sentence in the first trial, by spending several months in the county jail during the pendency of his appeal. A judgment directing imprisonment in the penitentiary requires service to discharge it, unless it be vacated by judicial proceedings (Hollan v. Hopkins, 21 Kan. 632.) If the alleged defects in the information really existed, they were defects apparent on the face of the record, and should have been excepted to by motion to quash. (Koppala v. State, 89 Pac. 576.)

The demurrer annexed to the original papers appears to have been directed against some information filed in that court on the 28th day of March, 1908. No information of that date appears among the original papers, and in so far as the record discloses, no exception was taken to the information filed April 10, 1908. The description of the property taken, as "money" was sufficient. (Sec. 5311, R. S., 1899; Edelhoff v. State, 5 Wyo. 19.) The new information follows the general form prescribed by Sec. 5271, R. S. 1899, and concludes in the manner prescribed by Sec. 5788.

SCOTT, JUSTICE.

The plaintiff in error (defendant below) was charged with robbery and upon trial was convicted of petit larceny and brings error.

1. The defendant assigns as error the overruling of his demurrer to the amended information. The specific ground of the demurrer is "that the facts stated in the information do not constitute any offense against the laws of the State of Wyoming." In support of this contention it is urged that the information fails to allege that the defendant and his victim were "then and there in Converse County at the time of the assault," and, further, that "it fails to allege that the money stolen was lawful money of the United States."

The amended information, omitting the official signature and the verification, is as follows, viz:

"The State of Wyoming,  } ss.
  County of Converse.  }

In the District Court of the First Judicial District; sitting within and for the said County of Converse.

The State of Wyoming, Plaintiff,
                    vs.
William McGinnis, Defendant.

AMENDED INFORMATION.

Comes now Henry C. Miller, County and Prosecuting Attorney of the County of Converse, in the State of Wyoming, and in the name and by the authority of the State of Wyoming, informs the court and gives the court to understand that William McGinnis, late of the county aforesaid, on the 12th day of Dcember, A. D. 1905, at and in the county aforesaid, in and upon one Norvil C. Lawrence did feloniously, violently, forcibly and by intimidation, make an assault, and him, he said Norvil C. Lawrence, did then and there feloniously, violently, forcibly and by intimidation, put in bodily fear, and fifty dollars in money of the value of fifty dollars, of the goods, chattels and personal property of the said Norvil C. Lawrence, · from the person and against the will of the said Norvil C. Lawrence, then and there forcibly, feloniously, violently and by intimidation, did steal, take and carry away; contrary to the form of the

statute in such case made and provided, and against the peace and dignity of the State of Wyoming."

The county within which and the time of the commission of the alleged offense are each alleged with certainty. The objection to the information in this respect is without merit, frivolous, and needs no further consideration.

The use of the word "money" in the information without other description is permissible under Sec. 5311, R. S., 1899, and was so held by this court in Edelhoff v. State, 5 Wyo., 19. The information was good as against demurrer and the court properly so held.

2. The defendant interposed a plea to the jurisdiction of the trial court. We fail to understand how or upon what grounds that court had not acquired jurisdiction of the case. The district court has original jurisdiction in all criminal cases and the defendant was charged with the commission of a felony within the county over which that court had jurisdiction. It was at the bar of that court that he was called upon to answer the charge. The amended information described the offense and charged the defendant with having committed it in the County of Converse and State of Wyoming. The subject matter was within the jurisdiction of the court and the defendant was present at the trial. (Territory v. Pierce, 1 Wyo., 168.)

The authority to permit the filing of an amended information arose from the jurisdiction over the subject matter and the person of the accused. Such jurisdiction having attached, the court had jurisdiction for all purposes. That such amended information was filed without leave first had and obtained neither affected the defendant's guilt or innocence nor prejudiced his rights upon the merits. The question did not go to the jurisdiction and was improperly made a ground of the plea to such jurisdiction and the court properly overruled the plea. In the absence of permission from the court to file the amended information this ruling we think was an affirmance of the State's right to file such amended information, though it is usual to first obtain permission to do so; and, further, that no

prejudice is shown upon the record to any substantial right of the accused. He was thereafter duly arraigned on the amended information and standing mute the court directed a plea of not guilty to be recorded as provided by section 5333, R. S., 1899, and upon the issue thus joined he was tried and found guilty of petit larceny.

3. It is urged that the court erred in overruling the defendant's motion in arrest of judgment. We have searched the record and fail to find such a motion, although there appears to be a motion so entitled and so regarded by the court and parties. The motion is in the following words, viz: "And again comes the defendant, and moves the court in arrest of judgment herein. Because this court has not jurisdiction to receive the said information. Because this court never ordered nor allowed the fil'ng of said information. Because the said information and judgment are barred by a former sentence herein and a former performance and satisfaction of said sentence by imprisonment."

A motion in arrest of judgment can be made upon but two grounds under our statute as provided by Sec. 5418, R. S., 1899, which is as follows: "A motion for arrest of judgment may be granted by the court for either of the following causes:

"1. That the court had no jurisdiction to try the case.

"2. That the facts stated in the indictment or information do not constitute an offense."

The so-called motion of the defendant is not upon its face a motion in arrest. It does not purport to attack the sufficiency of the information, nor does it touch the question of jurisdiction to pronounce judgment, except as contended by him that the court was without jurisdiction to receive the information. Having in a former part of this opinion decided that question adversely to the contention of the defendant it is unnecessary to discuss it further. The balance of the motion amounts to nothing more than an application to discharge the defendant from custody on the claim practically of *autrefois convict*. Such a plea is not

a ground for a motion in arrest as defined by the statute. The time for interposing such plea is when the accused is arraigned. But even if it could be made the basis for an arrest the record fails to support it. There is no record of any former conviction for the same offense. It was necessary for the defendant under Section 5331, R. S., 1899, to produce such a record in the court below and have it properly returned in this proceeding as a part of the record in this court in order for him to be heard thereon. This he has failed to do. No valid objection to the jurisdiction arises upon the record, nor is such question, except as above stated, presented by the motion. The court properly denied the motion.

4. The defendant at the proper time pleaded *autrefois convict* in bar of the prosecution and demanded a trial by jury upon such plea. The court by order required the defendant to make such plea more specific in this:

"1. That he set forth therein a copy of the original information on which the alleged former trial and conviction, in said plea in bar stated, was had.

"2. That he set forth therein a copy of the verdict of the alleged former trial and conviction.

"3. That he set forth a copy of the judgment pronounced upon the defendant upon the alleged former conviction.

"4. That he further set forth in said plea in bar a copy of the mandate of the supreme court of Wyoming, as secured by the defendant on appeal in said supreme court from said alleged trial, conviction and judgment therein."

A demurrer to the plea had been interposed and upon compliance with this order the court after due consideration sustained the demurrer to such plea.

It is urged that the court erred in this ruling, but the defendant through his attorney has not brought up the entire record upon this question. We find nothing attached to the written plea or in the record except the original plea and the demurrer. It thus appears that there were matters included in the plea as finally submitted to the court below which are omitted from the record here presented. The

order of the court recites: "The plea in bar of the defendant, made more specific in accordance with the requirements and order of this court, in the above entitled case, together with the demurrer to the same filed by the county and prosecuting attorney of this county, having heretofore been submitted to the court and by the court taken under consideration upon argument had, and the court being duly advised in the premises, does sustain said demurrer and does overrule said plea in bar, to which order in sustaining said demurrer and overruling said plea in bar, the defendant now and here excepts." The plea in bar when it raises an issue of fact is triable by jury. (Section 5331, R. S., 1899.) We think, however, that the sufficiency of the plea in the first instance is for the court, and when the plea is specific, raises no issue of fact, but presents solely a question of law, then the question is one for the court and not for the jury. (Sec. 810, Bishop's New Cr. Proc.) As to whether the plea after having been made more specific in accordance with the order of the court, raised a question of fact or one solely of law, is not before us, for such amended plea is not in the record and as error in this respect does not affirmatively appear it will be presumed, in the absence of such showing, that the question was one of law and that the ruling of the trial court was predicated solely on the law as applied to the facts set up in the plea. We cannot presume upon the record that the court committed prejudicial error in this respect for it does not appear from the record that there was a question of fact to be determined by the jury.

No other question is presented, and the judgment will be affirmed.                                        *Affirmed.*

Potter, C. J., and Beard, J., concur.