DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF WYOMING

[OCTOBER TERM, 1915.]

## IVEY v. STATE.

(No. 834; Decided February 1st, 1916; 154 Pac. 589.)

ASSAULT AND BATTERY WITH INTENT TO COMMIT "MANSLAUGHTER"
—CRIMINAL LAW—MURDER IN SECOND DEGREE—INCLUDED OF-
FENSE — HOMICIDE — INDICTMENT AND INFORMATION — STATUTORY
OFFENSES—INTENT—PRESUMPTION OF INTENT—EVIDENCE—CON-
FRONTATION OF WITNESSES—HEARSAY EVIDENCE—EVIDENCE GIVEN
AT FORMER TRIAL—QUESTION PRESERVED FOR REVIEW—INSTRUC-
TIONS.

1. As manslaughter is one of the lesser and included offenses
   of criminal homicide, an information will lie for an as-
   sault and battery with intent to commit murder of either
   the first or second degree, or of voluntary manslaughter.
2. One charged by information with an assault and battery with
   intent to commit murder in the second degree may be
   convicted of an assault and battery with intent to commit
   voluntary manslaughter, the latter being included in the
   offense of murder in the second degree.
3. In a prosecution for assault and battery with intent to com-
   mit murder in the second degree, proof of a specific intent
   to kill is necessary to a conviction of assault and battery
   with intent to commit voluntary manslaughter.
4. In a prosecution for assault and battery with intent to kill,
   it is error to charge the jury that the presumption is that
   the accused intended the natural and probable conse-
   quences of the assault, even if death did not ensue. The

assault and battery not having resulted in death, there was no legal presumption that the accused intended to do more than was actually accomplished, and the question of felonious intent was a question of fact for the jury.

5. The testimony of a witness given in a former trial or at a former stage of the same trial, or before a committing magistrate, is competent in a subsequent action, or in a subsequent proceeding in the same action between the same parties, where a sufficient foundation for its admission has been laid. The confrontation of witnesses required by the Constitution is in such case ·fully complied with.

6. Where witnesses have died, have left the jurisdiction, or other valid legal reasons exist for their non-production, evidence of their testimony given at a former trial between the same parties cannot be excluded on the ground of hearsay.

7. Where defendant made no objection to the affidavit of the prosecutor showing the death or absence of witnesses who testified at his examining trial, but merely objected to evidence of their testimony on the ground that no proper foundation was laid, the question of the competency of proof by affidavit was not preserved.

ERROR to the District Court, Carbon County; HON. V. J. TIDBALL, Judge.

Charles Ivey was prosecuted upon a charge of assault and battery with intent to commit murder in the second degree and convicted of assault and battery with intent to commit manslaughter and he brings error.

The material facts are stated in the opinion.

*Charles E. Blydenburgh,* for plaintiff in error.

The juror M. A. Skinner in his *voir dire* stated falsely that he had not expressed an opinion. It was discovered after verdict that he had expressed bias and prejudice against defendant. This was a sufficient ground for a new trial. (12 Cyc. 716 and cases under note 14.) The verdict is contrary to and not sustained by the evidence. The charge required proof of a specific intent to kill. An assault that results in manslaughter could not be malicious

under the statutes. (People v. Lilley, 5 N. W. 424; Moore v. People (Ill.) 35 N. E. 166; State v. Stout (O.) 30 N. E. 437.) The distinction between manslaughter and murder is clearly stated by the authorities. (State v. Norris, (N. C.) 1 Am. Dec. 564; Gustaveson v. State, 10 Wyo. 300; Downey v. Duff, (Ark.) 152 S. W. 1010; Hobbs v. State, (Tex.) 151 S. W. 309.) There is no such crime as assault and battery with intent to commit manslaughter. (State v. Connelly, (Mo.) 164 S. W. 193.) Instruction No. 2 was erroneous and misleading under the proofs in this case, particularly in its definition of malice and implied malice and the same is true of instructions numbered 3 and 4. A specific intent to kill must include malice. (12 Cyc. 150; Nilan v. People, 60 Pac. 485; 12 Cyc. 150; Anderson Law Dict. 643; Wimberly v. State, (Ga.) 77 S. E. 879.) There can be no presumption of intent to kill from the act done when no one is actually killed. (12 Cyc. 152-156.) Instructions numbered 5 and 6 are erroneous under the proofs as there is no legal presumption of intention, which was not produced. (Gilbert v. State, (Ga.) 6 S. E. 652; Patterson v. State, (Ga.) 11 S. E. 621; State v. Hickman, (Mo.) 8 S. W. 253.) Death not resulting from the assault, the intent of the defendant is a question of fact for the jury. (Chrisman v. State, (Ark.) 15 S. W. 890; Davis v. State, 173 S. W. 829; Gallery v. State, (Ga.) 17 S. E. 890; Lanier v. State, (Ga.) 32 S. E. 336; State v. Williams, (Wash.) 78 Pac. 781; People v. Mize, (Cal.) 22 Pac. 81; State v. Dolan, 50 Pac. 472 (Wash.); State v. Kelly, (Vt.) 52 Atl. 435; Simpson v. State, (Ala.) 31 Am. Rep. 1; Ponton v. State, 34 S. W. 950; Johnson v. State, 8 Wyo. 494; Bryant v. State, 7 Wyo. 311; People v. Flack, 11 L. R. A. 807; 12 Cyc. 152, 153.) Instruction No. 9 in regard to self defense is erroneous, not containing all of the essential elements. (Crawford v. State, 70 S. W. 548; Ford v. State, 30 So. 27.) Erroneous instructions are not corrected by cured instructions. (Nilan v. People, (Colo.) 60 Pac. 485; Palmer v. State, 9 Wyo. 40; Williams v. State, (Tex.) 7 S. W. 666; State v. Singleton, (Kan.) 74 Pac.

243.) The court erred in not instructing the jury as to the included minor offenses, especially as to aggravated assault and battery, in view of the facts shown by the evidence. (Davis v. State, (Ark.) 82 S. W. 167; Low v. State, (Tex.) 20 S. W. 366; Canister v. State, 70 S. W. 24; Dolan v. State, (Neb.) 62 N. W. 1090; State v. Cody, (Ore.) 23 Pac. 891; People v. Catyon, (Cal.) 57 Pac. 1071; State v. Thompson, (Ia.) 103 N. W. 377; State v. Franklin, (Kan.) 77 Pac. 588.) There was no foundation for the admission of the evidence of the witnesses Yazel and Conger taken at the preliminary examination. The showing required for the admission of such evidence must be conclusive. A preliminary examination as conducted in this State is not really an inquiry as to the same matters and not like the testimony taken at a formal trial before a jury. The distinction is clearly stated in Kline v. State, 61 Am. St. Rep. 850. The inquiry in a preliminary examination is merely as to whether a crime has been committed, or probable cause to believe the defendant guilty of a crime. The justice not being learned in the law, his decisions as to the admission of evidence or rights of cross-examination are not always correct and defendant is frequently deprived of his full right of cross-examination. In our judgment an ex parte affidavit cannot be used to establish a sufficient foundation for the admission of former testimony. The cases of Young v. People, 130 Pac. 1018, and People v. Ballard, 81 Pac. 1040, are not based upon a constitutional provision such as we have in Wyoming. The Utah decisions are based upon a statute similar to California. (People v. Gardiner, 32 Pac. 880.) Wyoming has a statute providing for the taking of depositions in criminal cases. (Secs. 6215 and 6220, Wyo. Comp. Laws, 1910.) The general rule as to required proof of absence is stated in Baldwin v. St. Louis K. & N. Ry. Co., 25 N. W. 918, and in Reynolds v. Fitzpatrick, 72 Pac. 510 (Mont.). (See also 16 Cyc. 1098; Motes v. U. S. Sup. Ct. 44 L. Ed. 1150.) There is no case holding that the absence or death of a witness may be proved by ex parte affidavit. A California

case in which it was attempted was reversed on that ground. (People v. Plyer, 58 Pac. 904.) An affidavit deprives defendant of the right to cross-examine on the question of absence; a cross-examination might show want of diligence.

*D. A. Preston,* Attorney General, for defendant in error.

Whether a juror had expressed an opinion before the trial showing bias and prejudice, which fact he denied in his *voir dire,* is a question of fact for the court. Its decision, unless contrary to the weight of the evidence, will not be disturbed on appeal. (Bliss v. State, 117 Wis. 596.) The question was presented to the trial court on affidavits and counter affidavits, and the court overruled the motion for a new trial. The point is without merit. (State v. Brooks, 202 Missouri, 106; Holloway v. State, 53 Ind. 554; Spies v. People, 122 Ill. 264; Hughes v. People, 116 Ill. 330; State v. Cook, 84 Mo. 40; Thompson on Trial, Vol. 1, Sec. 116; Black v. Territory, 3 Wyo. 313; State v. Gonse, 87 Mo. 627; State v. May, 172 Mo. 630; State v. Mickle, 25 Utah 179; State v. Peterson, 38 Kan. 204; State v. McDaniel, 39 Ore. 161; State v. Anderson, 14 Mont. 541; Harris v. State, 40 Tex. Cr. 8; Ellis v. State, 92 Tenn. 85; Hinckle v. State, 94 Ga. 595; Grottkau v. State, 70 Wis. 462; Carthaus v. State, 78 Wis. 560.) An examination of the evidence will be sufficient to show that the verdict is supported thereby. (Horn v. State, 12 Wyo. 120.) This court will not disturb the verdict even though the evidence is conflicting. (Joseph v. State, 47 Ind. 255; Turner v. State, 36 S. W. 87; Wright v. State, 144 Ind. 210.) It is contended by defendant that there is no specific offense defined by our law, as assault and battery with intent to commit manslaughter. We believe the contention to be unsupported by the authorities. Sec. 5795, Wyo. Comp. Stats. 1910, was adopted from Indiana. (See Section 9, Volume 2, Gavin and Hord, 1852 Indiana Statutes, 438; Section 1892, Volume 1, Burns' Annotated 1901 Statutes of Indiana.) The Supreme Court of Indiana has held that under an indictment for an assault

and battery with an intent to commit murder in the second degree there may be a conviction of assault and battery with intent to commit manslaughter. (State v. Throckmorton, 53 Ind. 354). A conviction may be had on any inferior degree of the offense charged. (Jarrell v. State, 58 Ind. 293.) Florida has a similar statute (Section 2403, R. S. Florida), which has received a like construction. (Williams v. State, 28, Fla. 90, 26 South. 184.) The case of State v. Throckmorton, supra, is cited with approval in Brantley v. State, 9 Wyo. 102. (See also Hollibaugh and Bunten v. Hehn, 13 Wyo. 269; State v. White, 45 Ia. 325.) Instructions numbered two, three and four are not prejudicial to defendant. The court did not instruct the jury that the law presumed malice or intent, but that they could find malice and intent from the facts proved. The case of Nilan v. People, 60 Pac. 485 (Colo.), cited by defendant, is distinguishable from the case at bar. The court left the question of intent to be found by the jury from the evidence. Instruction No. 4 is supported by State v. Connor, 13 N. W. 327 (Ia.) Instructions are not to be judged by disconnected portions thereof, but as an entirety, and if when thus considered are not found prejudical to defendant are withheld. (Newport v State, 140 Ind. 299.) Instructions numbered 5 and 6 are within the law as shown by the authorities cited in defendant's brief. Instruction No. 6, to which attention is especially directed, is supported by the Indiana case of Newport v. State, supra. Instructions numbered 9 and 11, in regard to self-defense, of which defendant complains, were not prejudical to defendant. Instruction No. 27 directed the jury to consider all of the instructions together and it is clear that instructions numbered 24, 25, 26 cure any omission that may have occurred in instructions numbered 9 and 11 and when the instructions are considered as a whole they clearly define the law of self-defense. Defendant did not request the court to instruct the jury as to the included minor offenses, especially as to aggravated assault and battery, and therefore cannot complain of the omission. (Brantley v. State, 9 Wyo. 102.) It was shown by affidavit of the

prosecutor that the State made a diligent effort to procure the attendance of absent witnesses who had testified at the preliminary hearing and the court held the foundation sufficiently laid for the admission of evidence given at said hearing by said absent witnesses. The trial court having held the showing to be sufficient the ruling will not be disturbed where supported by evidence. (Meldrum v. State, (Wyo.) 140 Pac. 596; People v. Ballard, (Cal.) 81 Pac. 1040; Young v People, 130 Pac. 1018 (Colo.). The testimony of a witness given before a committing magistrate in the presence of the accused with full opportunity of cross-examination is admissible upon a proper showing of absence. (See State v. Harmon, 70 Kan. 476; State v. Gentry, 121 Pac. 352; State v. Hefferman, et al., 25, L. R. A. N. S. 868 and note (S. D.).

Scott, Justice.

An information was filed in the office of the clerk of the district court of Carbon County charging Charles Ivey as defendant, and who will be so designated here, with the crime of assault and battery with intent to commit murder in the second degree. Upon the trial the jury returned a verdict of guilty of assault and battery with intent to commit manslaughter. Judgment was pronounced on the verdict and the defendant brings error.

1. It is here contended that there can be no such thing under the law of this state as an assault or assault and battery with intent to commit manslaughter and that if an intent to kill is proven the crime of necessity is an assault with intent to commit murder either of the first or second degree. The crime of assault with intent to commit manslaughter is not known to the common law and if it exists at all in this jurisdiction it is by virtue of the statute, in other words, it is a creature of statute. Murder in the second degree is defined by section 5792 of our statute (Comp. Stat. 1910) as follows:

"Whoever purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and shall be imprisoned in the peniten-

tiary for any term not less than twenty years, or during life."

Section 5793, id., defines manslaughter as follows, viz:

"Whoever unlawfully kills any human being without malice express or implied, either voluntarily upon a sudden heat of passion, or involuntarily, but in the commission of some unlawful act, or by any culpable neglect or criminal carelessness, is guilty of manslaughter, and shall be imprisoned in the penitentiary not more than twenty years." In the original statute enacted in 1890 (Sec. 17, Chap. 73, S. L. 1890) the word following "malice" in this section is "express" instead of "expressed."

The crime with which the defendant was charged in the information is defined in section 5795, id., which reads as follows: "Whoever perpetrates an assault, or assault and battery, upon any human being with intent to commit a felony, shall be imprisoned in the penitentiary not more than fourteen years." It is the specific intent to kill which accompanies and lifts the assault or assault and battery to the grade of a felony and that is the gravamen of the offense, and if it cannot exist in the nature of the case then there is no such crime. It will be observed, however, that in order to constitute manslaughter as a separate degree of criminal homicide the act of killing must be upon a sudden heat of passion and the outgrowth of such passion. The word *voluntary* as used in the statute has a legal meaning which has been construed by different courts under similar statutes. The word denotes the condition of the mind at the time of the homicide. It negatives accident or absence of intent to do the act complained of. It is the opposite in meaning of involuntary. The accused wills the act,—that is, intends the act and if such intent accompanies the overt acts to carry such intent into effect the intent is co-extensive as a matter of criminal pleading with the act charged to have been accomplished. We are of the opinion that one who upon a sudden heat of passion aroused by great and sufficient provocation, but without malice, but as the result of the passion so aroused solely, voluntarily assaults an-

other with intent to kill him, and inflicts upon him a wound
causing death is guilty of voluntary manslaughter under
our statute.   It is unlawful because voluntarily done; but
it is not murder because it was the result of the sudden
heat of passion and not of malice.   In Brantley v. State, 9
Wyo. 102, (61 Pac. 139) the defendant was tried upon an
information charging him with an assault and battery with
intent to commit murder in the first degree and was found
guilty of an assault with intent to commit murder in the
second degree.   He contended that the trial court commit-
ted error in charging the jury that under the charge con-
tained in the information they might find the defendant
guilty of the principal offense charged, or of an assault
with intent to commit murder in the second degree, or of
*assault with intent to commit manslaughter.* This instruc-
tion was approved by this court as in line with the great
weight of authority as well as the better reasoning.   Upon
the question of intent it was said: "It is evident that in
charging an intent to commit murder in the first degree
there is necessarily included a charge of intent to commit
murder in the second degree and voluntary manslaughter,"
and further, that, "Proof can not be made of assault with
intent to commit murder in the first degree which does not
at the same time furnish appropriate and sufficient evidence
to sustain a verdict for the lower, or included offenses of
assault with intent to commit murder in the second degree
and manslaughter."   As manslaughter is one of the lesser
and included offenses of criminal homicide an information
will lie for an assault and battery with intent to commit
murder of either the first or second degree or of voluntary
manslaughter.   We are of the opinion that the information
charges the crime of an assault with intent to commit
voluntary manslaughter and is sufficient and would as a
pleading sustain the verdict and for that reason the de-
fendant's contention is not sustained.

2. It is contended that the court committed error in
giving the following instruction over defendant's objection
and exception, viz: "The court instructs the jury, that a

man is presumed in law to intend the probable and natural consequences of his own unlawful act. If one purposely shoots another with a deadly weapon, at or near a vital part, and in such a manner that death would probably ensue, all the other elements of the crime concurring, the jury would be justified in believing that the defendant intended to kill the prosecuting witness even if death did not ensue." The specific intent to kill must be proved as any other fact in the case to the satisfaction of the jury. In the absence of evidence to the contrary the presumption is that the assault was made with the intention to accomplish that which actually resulted from the assault. But where an assault is thus committed, but which does not result in death, there is no presumption that the assailant intended to kill, that is to say, the presumption arising from the character of the assault with reference to the intent with which it is committed, goes only to the result accomplished, and there is no presumption that he intended to do more than was actually accomplished. So, where the charge is that an assault was made with the intent to kill and when death did not ensue, it is error to charge the jury that the presumption is that he intended the natural and probable consequences of the assault. Had death resulted from the assault the presumption of intent as given by this instruction would have been applicable, but as the assault and battery did not result in death there is no predicate for the presumption as one of law though such intent may be proven by a consideration of all the evidence in the case. The evidence tended to show that at the time of the alleged occurrence the prosecuting witness was in defendant's saloon in Rawlins, Wyoming. The defense was self defense and the evidence was conflicting. By all the decisions the question of the felonious intent is a question of fact for the jury and the presumption of intent as set forth in the instruction is a presumption of law applicable and inferable from proof of an assault and battery which resulted in death. In Roberts v. People, 19 Mich. 401, 414, the defendant was charged, tried and found guilty of an assault with intent to murder committed upon

the prosecuting witness by shooting him with a loaded pistol. Upon appeal the supreme court of that state said, "The first question presented by the record is, whether, under this information, the jury could properly find the defendant guilty of the assault with the intent charged, without finding, as matter of fact, that the defendant entertained that particular intent? We think the general rule is well settled, to which there are few, if any exceptions, that when a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found by the jury, as matter of fact, before a conviction can be had. But especially, when the offense created by the statute, consisting of the act and the intent, constitutes, as in the present case, substantially an attempt to commit some higher offense, than that which the defendant has succeeded in accomplishing by it; we are aware of no well founded exceptions to the rule above stated. And in all such cases the particular intent charged must be proved to the satisfaction of the jury; and no intent in law, or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of the latter." The doctrine thus announced is supported by the great weight of authority and was followed by this court in Bryant v. State, 7 Wyo. 311, 320, (51 Pac. 879; 56 Pac. 596) in which the foregoing excerpt is quoted, and this court said it was in full accord therewith. Chief Justice Potter, who wrote the opinion and also the opinion on the petition for rehearing, in speaking for the court in the latter, further said in commenting on Roberts v. People, supra, "That court, however, in the same case held further that it was unnecessary to prove the specific intent by direct, positive, and independent evidence; but as the court remarked by quoting from one of its own earlier decisions 'the jury may draw the inference, as they draw all other inferences from any facts in evidence which, to their minds, fairly prove its existence,' and then added, 'and in considering the question they may and should take into consideration

the nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed, whether the instrument and means used were naturally adapted to produce death, his conduct and declarations, prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made.' " The court erred in giving the instruction in this kind of a case.

3. The defendant contends that the admission of the evidence of absent witnesses given at the preliminary examination over his objection was error. The objection was as follows: "Mr. Blydenburgh. I object to the reading of this evidence before the jury at this time for the reason that it does away with the constitutional right of the defendant to be faced with the witnesses against him; and for this reason, further, that this testimony was taken in a hearing in which the same matters are not at issue. The question before the Justice is whether a crime has been committed and if there is probable cause that the defendant or the one accused is guilty. The question before this court, for this jury, is whether he is, beyond a reasonable doubt, guilty of the crime charged in the information, which is a different proposition. And the further reason that this testimony would show that there were objections to questions on cross-examination, propounded by myself, that were sustained by the Justice; that there were objections made by myself, that were overruled by the Justice; and that I was unable to go into a full cross-examination, as I would have been allowed to do before this court. And there is a still further objection—that a proper foundation has not been laid for the introduction of this testimony."

The defendant was present at the preliminary examination with his counsel, was confronted by the witnesses, was given an opportunity to cross-examine, and subjected the witnesses to a searching cross-examination. We discover nothing in the transcript of the evidence, the correctness of which is not questioned, which would indicate

that defendant's latitude in cross-examination was narrowed to his prejudice in the manner of conducting the same. The right to use the evidence of absent witnesses given upon a former trial was held by this court in Meldrum v. State, 146 Pac. 596, and by the great weight of authority the same right prevails when the evidence is given before a committing magistrate, providing sufficient foundation for admitting the evidence has been laid. The confrontation of witnesses required by the constitution is in such case fully complied with. (State v. Hefferhan, (22 S. D. 513) 118 N. W. 1027, 25 L. R. A. (N. S.) 868.) It is said in section 336 (339), Vol 1 and 2 of Jones on Evidence, that when the foundation is laid that the hearsay character of the evidence so offered is removed and that "It has long been settled as one of the exceptions to the general rule excluding hearsay that the testimony of a witness given in a former action or at a former stage of the same action is competent in a subsequent action or in a subsequent proceeding in the same action, where it is shown that the *witness is dead* or that a valid legal reason exists for his *nonproduction,* that the *parties and questions in issue are substantially the same,* and that such former testimony can be *substantially reproduced* upon the second hearing. It is necessary, therefore, to consider the question having regard to these prerequisites." The proof in the case here was solely by an ex parte affidavit of the county and prosecuting attorney which was admitted without objection. The deponent was present in court and had the defendant objected to the affidavit for the purpose for which it was offered the State could have proved the same matters covered by the affidavit by oral testimony of the deponent.

Conceding that the showing of the facts necessary to the admission of such former evidence should have been made by oral testimony instead of by ex parte affidavit of the prosecuting attorney, the introduction and reading of the affidavit was not objected to. The only objection was after it had been read, such objection being that a sufficient foundation had not been laid. This we understand to refer

to the sufficiency of the facts stated in the affidavit and not to the competency of the affidavit itself to show such facts and therefore the question as to the admissibility of the affidavit is not before us. It is not pointed out wherein the facts stated in the affidavit are insufficient as a foundation for admitting the evidence otherwise than as to the alleged incompetency and form of the proof to which defendant directed his argument.

Other assignments of error are here presented, but as the questions may not arise in another trial of the case we do not deem it necessary to discuss them. The judgment will be reversed upon the erroneous instruction above discussed and the case remanded for a new trial,

*Reversed and Remanded.*

POTTER, C. J., and BEARD, J., concur.