John M. FULLER, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 4598.

Supreme Court of Wyoming.

Sept. 1, 1977.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and William V. Eichelberger, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

V. Frank Mendicino, Atty. Gen., Jerry M. Murray, and Peter J. Mulvaney, Senior Asst. Attys. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

GUTHRIE, Chief Justice.

John Fuller appeals from a judgment and sentence upon his conviction of the crime of aggravated assault with intent to commit murder in the second degree. He raises the following issues:

1. Whether the court had jurisdiction over the subject matter of the action when it proceeded to trial upon an amended information which was filed without leave of court.

.2. Whether the evidence of specific intent was sufficient to allow the case to go to a jury upon the charge of assault with intent to commit murder in the second degree.[1]

3. Whether error was committed by submitting confusing and misleading instructions to the jury.

We cannot reach question 3 because it was not properly preserved by the record. We have determined that the court did have jurisdiction over the subject matter in the action contrary to Fuller's contention, but we have determined in agreement with his contention that there was not sufficient evidence of specific intent to sustain a conviction of assault with intent to commit murder in the second degree.

A statement of the facts in this case is particularly essential because of the issue

---

1. Section 6–69, W.S.1957.

concerning sufficiency of the evidence. In the early morning hours of March 22, 1975, a bullet struck the right front door of a Wyoming Highway Patrol car, driven by Mark Spencer, who had been patrolling Interstate Highway 80 near Rock Springs. After taking evasive action he radioed for assistance and returned to the area where the shooting occurred. There he found boot prints and dog tracks leading away from the highway. Spencer lost track of the prints two or three times due to rockiness in the terrain, but eventually they led to a site from which the barking of a dog emanated. After receiving two commands, John Fuller stood up in that area. A second patrolman went to that spot and picked up a rifle. Fuller was handcuffed and taken to the Rock Springs Police Department.

Spencer filed a criminal complaint, and the justice of the peace issued a warrant for Fuller based on a violation of § 6–70B, W.S.1957, 1975 Cum.Supp., i. e., aggravated assault and battery with a dangerous weapon. Fuller waived a preliminary hearing and was arraigned on April 9, 1975. He pleaded not guilty. An information was issued charging that he feloniously and maliciously shot at a Wyoming Highway Patrol car being driven by Mark Spencer. On May 13, 1975, an amended information was filed, charging that Fuller perpetrated an assault on a human being with intent to commit first degree murder.

On June 17, 1975, the matter came on for trial. Fuller testified that he had been drinking liquor continuously from sometime after noon on March 21, 1975, until the time of the shooting. He further testified that the rifle discharged accidentally as he stumbled while walking over rough terrain. There was no showing that Fuller disliked Spencer or even knew him; nor was there evidence of any grudge or other bad feeling toward any police officer. Spencer testified that in the course of his investigation of the scene of the incident and of the patrol car he found that a person of normal height would have to have had the rifle in a high position, such as shoulder height, for the bullet to have struck the door as it did, if the rifle was fired from where the boot tracks were found nearest the highway.

The defense moved for a directed verdict of not guilty on the ground that the State failed to prove all of the elements of the crime—specifically that there was no evidence of intent to fire any shots and no evidence of intent to kill or assault the patrolman. The motion was denied.

Among other instructions, the court instructed the jury that the defendant had been charged with the commission of the crime of aggravated assault while armed with a dangerous or deadly weapon and quoted a charge of assault with intent to commit first degree murder. In another instruction the court discussed direct evidence and circumstantial evidence, concluding with the statement that, to convict, the evidence must not only be consistent with guilt but irreconcilable with innocence. The record reveals no objection to these instructions.

The first of appellant's contentions has no solid basis. Rule 16(b), W.R.Cr.P., requires that objections based on defects in the information must be raised by motion before trial, unless the objection is that the information failed to show jurisdiction in the court. The broad scope and application of Rule 12(b)(2), F.R.Cr.P., being identical to our Rule 16(b)(2), has been stated in *Davis v. United States*, 411 U.S. 233, 236, 93 S.Ct. 1577, 1580, 36 L.Ed.2d 216, 221:

"* * * by its terms, it applies to both procedural and constitutional defects in the institution of prosecutions which do not affect the jurisdiction of the trial court. * * *"

In apparent recognition of this application, appellant bases his argument upon the contention that the court had no jurisdiction of the subject matter because of the failure to secure an order from the trial judge authorizing the filing of this amended information. In our disposal, we shall examine appellant's position upon that basis.

District courts have jurisdiction of all criminal cases except those for which other provision is made, Article 5, § 10, Wyoming Constitution. Subject-matter

jurisdiction is " 'the power to hear and determine cases of the general class to which the proceedings in question belong,' " *Booth v. Magee Carpet Company*, Wyo., 548 P.2d 1252, 1256, quoting from *Murrell v. Stock Growers' Nat. Bank of Cheyenne*, 10 Cir., 74 F.2d 827, 831. The claim that this question goes to subject-matter jurisdiction cannot be sustained. Before the adoption of this rule we had held that the filing of an amended information was a procedural matter—not one of jurisdiction, *McGinnis v. State*, 17 Wyo. 106, 96 P. 525; *State v. Kusel*, 29 Wyo. 287, 213 P. 367. In *United States v. Calvert*, 8 Cir., 523 F.2d 895, 901–902, certiorari denied, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314, in reliance upon *Davis*, supra, it was held that the validity of an indictment was waived if not presented by motion under Rule 12(b)(2).

We cannot reach the third asserted objection of appellant that certain instructions were confusing and misleading, because no objections were made to the instructions attacked. It should not be necessary for this court to repeat that we will not consider alleged error in instructions unless there are proper objections, *Moore v. State*, Wyo., 542 P.2d 109, 112, and cases therein collected.

We must agree with appellant on the second issue. Because of the State's failure to produce any evidence of specific intent to kill Patrolman Spencer there was not sufficient evidence in this case to submit to the jury the question of the defendant's guilt of the crime of assault with intent to commit second degree murder.

A necessary element of the crime of assault with intent to commit murder in the second degree is the intent, although without premeditation, to cause the death of the victim, *Ivey v. State*, 24 Wyo. 1, 154 P. 589, 590.

The State in this case relies upon, as it must from this record, the rule that the defendant is presumed to have intended the natural and probable consequences of his act. This is simply not the applicable rule where an element of specific intent

which was not accomplished is at issue, *Stuebgen v. State*, Wyo., 548 P.2d 870, 878–879, 882. This concept was stated clearly in *Thacker v. Commonwealth*, 134 Va. 767, 114 S.E. 504, 505:

"The law can presume the intention so far as realized in the act, but not an intention beyond what was so realized. The law does not presume, because an assault was made with a weapon likely to produce death, that it was an assault with the intent to murder. * * * "

The applicable rule in cases of this character has long been a part of our jurisprudence and is set out in *Ivey*, supra, 154 P. at 591:

" * * * In the absence of evidence to the contrary, the presumption is that the assault was made with the intention to accomplish that which actually resulted from the assault. * * * "

Although possibly overlooked, or not applied in some later cases decided by this court, this rule never has been modified or reversed and has been recognized and reiterated in *State v. Parmely*, 65 Wyo. 215, 192 P.2d 112, 118, and in *State v. Woodward*, 69 Wyo. 262, 240 P.2d 1157, 1164–1165; and there is no reason to depart therefrom.

From the factual situation herein, it is obvious that this is a strange, senseless, and inexplicable event. The fact that appellant did not know Spencer and Spencer did not know appellant, and the lack of evidence of any grudge held by Spencer toward police in general, make it unbelievable that he would have intended to kill the State patrolman. Although a motive is not necessary, even for a murder conviction, there should logically be some reason apparent, *Eagan v. State*, 58 Wyo. 167, 128 P.2d 215. Viewing the evidence set out herein, we cannot point to any reason, nor to any other facts, from which the inference of specific intent to kill Spencer can be drawn, and the conviction of this offense must be reversed.

Section 6–70B, W.S.1957, 1975 Cum.Supp., defines aggravated assault with a deadly weapon, which is a lesser included

offense in assault with intent to commit murder, *Evanson v. State*, Wyo., 546 P.2d 412. In *Evanson*, at 416, we stated:

"* * * The elements of the offense are the unlawful attempt with unlawful intent (maliciously) to accomplish a violent injury upon the person of another, the use of a deadly weapon in that attempt and the present ability to accomplish the injury. * * *"

The evidence clearly shows that appellant used a deadly weapon and had the present ability to accomplish a violent injury upon Spencer. But whether appellant attempted to accomplish such injury is not so clear.

By its statutes, Wyoming has limited criminal assault to attempted battery. This type of assault requires proof of specific intent to cause battery. Recklessness or negligence is not enough to prove that intent, LaFave and Scott, Criminal Law, §§ 28, 59, and 82 (1972).

The presumption that the defendant intended the natural and probable consequences of his act is not available in this case to prove the specific intent to cause the victim's death. Neither can it be available to prove a specific, unaccomplished intent to injure the person of another. See *Stuebgen v. State*, supra.

Although that presumption is unavailable, there may be facts from which the specific intent may be inferred. The *Ivey* rule, supra, does not necessarily inhibit such an inference. The *Ivey* presumption is that an assault is made with the intention to accomplish that which actually resulted. It need not apply at this point in which it is the existence of the assault itself which is at issue.

Intent may be inferred from the conduct of a defendant and from circumstantial evidence, *Deeter v. State*, Wyo., 500 P.2d 68. An inference may be drawn from the firing of a rifle at a moving automobile that he who fired intended to do bodily injury to the driver. Because evidence must be viewed by an appellate court in the light most favorable to the State upon an appeal from a criminal conviction, *Reeder v. State*, Wyo., 515 P.2d 969, and *Bentley v. State*, Wyo., 502 P.2d 203, we will view the evidence that Fuller fired at Spencer's moving patrol car as yielding an inference that Fuller intended to do bodily injury to the driver. Thus, there is evidence of an unlawful attempt with unlawful intent to accomplish a violent injury upon the person of another, the use of a deadly weapon, and the present ability to accomplish the injury.

Appellant is guilty of the lesser included offense of aggravated assault with a deadly weapon. This case will be remanded to the trial court for entry of such judgment and sentence as appears proper under the appropriate statute, *Eagan v. State*, supra; *State v. Bruner*, 78 Wyo. 111, 319 P.2d 863.

This matter is remanded for proper proceedings in conformity herewith.

THOMAS, Justice, concurring.

I agree with the result reached by the majority opinion. I would justify the result by a rationale different from the rationale of the majority opinion which requires proof, at least circumstantially, of an intent to cause a battery in connection with the offense of assault with a dangerous or deadly weapon as proscribed by § 6–70B, W.S. I understand that this rationale depends upon the word, "assault" as used in § 6–70B, W.S., being assigned the definition attaching under § 6–67, W.S., where the crime of simple assault is defined. Certainly there is substantial precedent for that construction. See the cases cited in Annot., 92 A.L.R.2d 635 (1963). The rule, however, is not universal.

Although § 6–70B, W.S., was amended (in terms of the effective date) subsequent to the events leading to the charge in the instant case, I find evidence in that amendment that the legislature was not depending upon the simple assault statute in defining assault with a dangerous or deadly weapon. Pursuant to the amendment assault with a dangerous or deadly weapon can be committed with an unloaded firearm. That approach is not consistent with the requirement in § 6–67, W.S., that the perpetrator have the present ability to com-

mit a violent injury. Furthermore, the statute defining assault and battery with a dangerous or deadly weapon requires that the assault be accomplished maliciously. We have noted that the term "maliciously" embraces, amongst other things, the element of unlawful intent. *Evanson v. State*, Wyo., 546 P.2d 412 (1976); *Elliott v. State*, 47 Wyo. 36, 30 P.2d 791 (1934). I conclude that when the legislature incorporated the term "maliciously" in the statute the word connoted nothing more than unlawful intent or general intent. If the legislature intended to encompass a specific intent within the statute, it would have done so specifically.

I would resolve the instant case on the ground that the use of a deadly or dangerous weapon, which the jury undoubtedly found here, raises a presumption of malice sufficient to meet the elements of § 6–70B, W.S. *Ballinger v. State*, Wyo., 437 P.2d 305 (1968).

Alternatively, I would reach the same result by holding that assault with a dangerous or deadly weapon is not a specific intent crime, but requires only a general intent. Other courts have reached this result by reasoning which strikes me as eminently sound noting in some instances that the gravamen of this offense is the nature of the weapon. *Thompson v. State*, Alas., 444 P.2d 171 (1968); *People v. Rocha*, 3 Cal.3d 893, 92 Cal.Rptr. 172, 479 P.2d 372 (1971); *Parker v. United States*, 123 U.S. App.D.C. 343, 359 F.2d 1009 (1966); *People v. Rohr*, 45 Mich.App. 535, 206 N.W.2d 788 (1973); *Goswick v. State*, Fla., 143 So.2d 817 (1962); *State v. Anania*, Me., 340 A.2d 207 (1975). A conclusion that only a general intent is required for the violation of § 6–70B, W.S., would require only a conclusion by the jury that the defendant intentionally used the firearm, and that the firearm was a deadly and dangerous weapon. The verdict returned encompasses those facts.