Gwen BRIGHTWELL, Appellant
(Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 5450.

Supreme Court of Wyoming.

July 22, 1981.

Richard Honaker, Appellate Counsel, Wyoming Public Defender, Gerald M. Gallivan, Director, and Jodi E. Brayton, Intern, Wyoming Defender Aid Program, Laramie, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Sharon A. Lyman, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

Appellant, Ms. Brightwell, was convicted of the crime of assault with a deadly weapon as embodied in § 6–4–506(b), W.S.1977, and appeals her conviction. She raises one issue for this court's decision, namely that insufficient evidence of the crime of aggravated assault was adduced at her trial since the State failed to prove an attempted battery on her part which is a necessary element of the crime. We agree that in order to convict a defendant of the crime of aggravated assault under § 6–4–506, W.S. 1977, the State must produce evidence of attempted battery. Thus, the sole issue in this appeal concerns whether the State met this burden in her case. For the reasons discussed below we will affirm the appellant's conviction.

On the evening of July 26, 1980, the appellant, along with a friend, Christine Harper, flagged down a small pickup truck driven by Mr. Donald E. Emerson. Mr. Emerson stopped his truck because Ms. Harper was standing directly in his lane of traffic. The two young ladies then proceeded to get into the truck even though Mr. Emerson made no request that they do so. Ms. Brightwell positioned herself next to Mr. Emerson and Ms. Harper sat in the passenger seat. Upon gaining entrance to the truck, the women requested a ride to the supermarket. Mr. Emerson decided to comply with this request in order to get rid of them. Once in the pickup, the appellant began to make advances toward Mr. Emerson and requested that they go find a place to sleep. When Emerson refused, appellant Brightwell placed her left arm around Mr. Emerson's neck and told him that she and Ms. Harper needed money. Upon Mr. Emerson stating that he had no money, the appellant said to Mr. Emerson, "I mean business," whereupon she drew a sharp

kitchen knife from her purse and held it in her right hand about three or four inches from Mr. Emerson's side. In the interim, Ms. Harper had acquired from the glove compartment of the truck, and held in her hands, a sharp letter opener. Emerson then drove approximately three blocks to a Mini-Mart where he jumped out of his truck and called the police. The appellant tried to grab his wrist as he left the truck but she was unsuccessful. Throughout the short ride, Ms. Brightwell did not attempt to stab Mr. Emerson, nor did he suffer any injury.

At trial the appellant was found guilty of assault with a deadly weapon under § 6–4–506(b), supra, and Ms. Harper was acquitted.

As mentioned previously, the crime of assault with a deadly weapon or aggravated assault is embodied in § 6–4–506(b), supra. This section reads:

"(b) *With dangerous weapon.*—Whoever, while armed with a dangerous or deadly weapon, including an unloaded firearm, maliciously perpetrates an assault or an assault and battery upon any human being, shall be fined not more than one thousand dollars ($1,000.00), or be imprisoned in the penitentiary not more than fourteen (14) years, or both."

However, the inquiry as to the elements of the crime of aggravated assault cannot stop with a reading of § 6–4–506(b), supra, since in *Evanson v. State*, Wyo., 546 P.2d 412 (1976), we said that it is also necessary to look to the corresponding statutory definition of assault.[1]

The crime of assault is now defined in § 6–4–501, W.S.1977, and it reads in pertinent part:

"Whoever, having the present ability to do so, unlawfully attempts to commit a violent injury on the person of another, is guilty of an assault and shall be fined in any sum not exceeding fifty dollars ($50.00)."

Thus, in *Evanson*, supra, 546 P.2d at 416, we set out the elements of the crime of assault with a deadly weapon to be as follows:

" * * * To constitute an assault with a deadly weapon (aggravated assault, § 6–70B), actual injury need not be caused. The elements of the offense are the unlawful attempt with unlawful intent (maliciously) to accomplish a violent injury upon the person of another, the use of a deadly weapon in that attempt and the *present ability* to accomplish the injury. *People v. Rocha*, 1971, 3 Cal.3d 893, 92 Cal.Rptr. 172, 479 P.2d 372. In *Elliott v. State*, 1934, 47 Wyo. 36, 45, 30 P.2d 791, 793, are several definitions making it clear that the term 'maliciously' embraces, amongst other things, the element of unlawful intent." (Emphasis added.)

In *Brown v. State*, Wyo., 590 P.2d 1312 (1979), we were called upon to decide the effect of the "including an unloaded firearm" language in § 6–4–506(b), supra, which had been added to § 6–70B, W.S. 1957, in 1975 and thus made an element of our aggravated-assault law. In that case, we determined that the effect of the amendment was to change the "present ability" element in § 6–4–501, supra, to that of "apparent ability." *Id.*, 590 P.2d at 1315. We did not find that the added language was intended by the legislature as an adoption of a second type of assault. In *Fuller v. State*, Wyo., 568 P.2d 900, 904 (1977), we stated that "[b]y its statutes, Wyoming has limited criminal assault to attempted battery." Our decision in *Brown* did not change this. Thus, even though the trend in the law of criminal assault is to punish not only the attempted-battery type but also the intentional-apprehension-of-fear type, which is more in the nature of the tort concept of assault, the Wyoming legislature has not yet adopted this latter approach.[2]

---

1. In *Evanson* we were dealing with § 6–70B, W.S.1957, and with the statutory definition of assault embodied in § 6–67, W.S.1957. Section 6–4–506(b), W.S.1977, now embodies the identical language of § 6–70B including a 1975 amendment to that statute which was not at issue in *Evanson*.

2. For a discussion of the two types of criminal assault see LaFave and Scott, Handbook on Criminal Law, § 82 (1972).

■ Considering our decision in *Brown*, the elements of the crime of assault with a deadly weapon in Wyoming are now the unlawful attempt with unlawful intent (maliciously) to commit a violent injury (attempted battery) upon the person of another, with the use of a deadly weapon in that attempt and the apparent ability to accomplish that injury.

■ It is now necessary to analyze the facts of this case in relation to the above elements to determine whether the appellant was properly convicted of assault with a deadly weapon under § 6–4–506(b), supra. Clearly, the appellant in this case held in her hand a deadly weapon when she pointed the knife at Mr. Emerson. We said in *Evanson*, supra, 546 P.2d at 416, that "[a] weapon, when used in a manner capable of producing and likely to produce death or great bodily injury, is a deadly weapon." A knife with a six-inch blade, like that held by Ms. Brightwell, clearly satisfies this test. In addition, the appellant had the "apparent ability" to commit a violent injury upon Mr. Emerson when she put her left arm around his neck and held the knife a few inches from his body.

Likewise, from these same facts Ms. Brightwell's intent to commit a violent injury upon Mr. Emerson can be inferred. In *Fuller*, supra, 568 P.2d at 904, we stated that "[i]ntent may be inferred from the conduct of a defendant and from circumstantial evidence," citing *Deeter v. State*, Wyo., 500 P.2d 68 (1972). In *Fuller* the defendant's intent to injure was inferred from his firing a rifle at a moving patrol car. In this case, Brightwell's placing of her arm around Emerson's neck, while holding a knife a few inches from his body and stating "I mean business," all while Emerson was driving a motor vehicle, is enough, taken collectively, to satisfy the proof requirement that she in fact intended to injure him.

The final element which must be satisfied concerns the attempted-battery requirement. The appellant contends that there was no evidence adduced at trial that she attempted a battery upon the person of Mr. Emerson. In her brief she correctly stated that at no time did she swing the knife or attempt to use it upon Mr. Emerson. Mr. Emerson also testified that the appellant never injured him physically. However, the appellant in this case would have this court hold that in order for her to have committed an assault she would in fact have had to stab Mr. Emerson. In *Evanson*, supra, 546 P.2d at 416, we stated that in order to commit an assault with a deadly weapon, actual injury need not be inflicted. Appellant would require in this case that Mr. Emerson had in fact been injured. It seems very likely that had Ms. Brightwell attempted to stab Mr. Emerson she would have injured him, considering the fact that the knife was only inches from his body and the fact that his movement was restricted by her arm around his neck. When appellant placed her arm around Mr. Emerson's neck, she actually touched him in a rude and threatening manner. She indicated that he could avoid injury from use of the knife only *on condition* that he comply with her directions. This was an attempted battery. In conclusion, we hold that when a knife is held in a threatening manner only inches from a person's body, an attempted battery has occurred.

As further support for this conclusion, it is easy to see why Ms. Brightwell committed an assault with a deadly weapon and why Ms. Harper did not. Ms. Harper may have been holding a knife at the time of the incident, but she never pointed it in Mr. Emerson's direction nor threatened him with it. In juxtaposition to this is Brightwell's conduct. She not only had her arm around Emerson's neck and pointed a knife at him, but also threatened him by stating "I mean business." Clearly she attempted a battery upon him.

We conclude that the appellant was properly found guilty of the crime of assault with a deadly weapon (aggravated assault) under § 6–4–506(b), W.S.1977, and her conviction is affirmed.

THOMAS, Justice, specially concurring.

I am in accord with the ratio decidendi of the majority opinion insofar as it holds that

the State, in this instance, did prove an attempted battery. I concur in the majority opinion and the result there reached only insofar as it is premised on that conclusion.

I would leave open the question of whether the State must prove an attempted battery in order to secure a conviction of aggravated assault under § 6–4–506, W.S. 1977. I am not in agreement with the proposition that § 6–4–506 incorporates the definition of simple assault found in § 6–4–501, W.S.1977. I find wisdom and merit in the views of other courts as summarized in LaFave and Scott, Criminal Law, § 82, p. 611 (West Publishing Company, 1972):

> "A majority of jurisdictions have extended the scope of the crime of assault to include, *in addition to* (not as an alternative to) the attempted-battery type of assault, the tort concept of the civil assault, which is committed when one, with intent to cause a reasonable apprehension of immediate bodily harm (though not to inflict such harm), does some act which causes such apprehension. * * *"
> (Footnote omitted.)

This rule is consistent with what the legislature of the State of Wyoming intended when it amended § 6–4–506, W.S.1977, by specifically including an unloaded firearm as a dangerous or deadly weapon. Ch. 70, § 1, S.L. of Wyoming 1975. I certainly have difficulty visualizing an attempted battery with an unloaded firearm, unless we are to insist that it must in that event by used or be presented as a club. I do not see that such a conclusion is required by the statute, nor can I find justification for an element of the crime applicable to other dangerous and deadly weapons but not applicable to an unloaded firearm.

This view is must the same as the view I expressed concerning the element of intent to cause a battery set forth in my concurring opinion in *Fuller v. State*, Wyo., 568 P.2d 900, 904 (1977). In *Brown v. State*, Wyo., 590 P.2d 1312 (1979), the court cited that concurring opinion for the proposition that the element of present ability had been eliminated from the crime defined by this statute, and the element of apparent ability had been substituted therefor.

If the issue clearly were present, I would hold that an addition to this crime of the tort concept of civil assault is a reasonable and logical application of the statute. Since the claimed element of present ability has been replaced by the element of apparent ability, I do not believe the definition in § 6–4–501, W.S.1977, ought to be followed, and while agreeing that it can be applied, I would not hold in this case that an attempted battery is an element of the crime under § 6–4–506, W.S.1977.

If we are to rely upon the perception of the victim with respect to apparent ability, it is a logical parallel of that concept to rely upon the perception of the victim insofar as the intent of the perpetrator is concerned. I believe that is what the court held in *Brown v. State*, supra. It would be an appropriate basis for resolving this case, and would in my judgment eliminate a prospective debate in such cases involving the distance from the victim of the deadly and dangerous weapon in evaluating whether an attempted battery had occurred.