(May 17, 1902.)

## McDONALD v. ROZEN.

[69 Pac. 125.]

Mᴀʀʀɪᴇᴅ Wᴏᴍᴇɴ—Sᴏʟᴇ Tʀᴀᴅᴇʀ—Sᴇᴘᴀʀᴀᴛᴇ Pʀᴏᴘᴇʀᴛʏ.—A married woman cannot engage in business or recover prospective profits by reason of loss of business, although the money invested in such business was her separate property before marriage, unless she be adjudged and declared a sole trader under the provisions of the statute.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Benjamin F. Tweedy, for Appellants, cites no authorities upon the point decided by the court.

McFarland & McFarland, for Respondents.

We contend that Mrs. McDonald cannot maintain this action because her complaint shows that she was not a sole trader. (Idaho Rev. Stats., sec. 5858.)

STOCKSLAGER, J.—This case is here for review from an order of the district court of Nez Perces county overruling a motion for a new trial. The complaint alleges: That the plaintiffs are husband and wife, and that J. W. Rozen is the sheriff of Nez Perces county, and the other defendants are sure-

ties on his official bond. That the plaintiff Mattie Lawrence McDonald, with her separate funds and separate and individual estate, purchased the personal property levied upon by the sheriff, and on March 25, 1899, commenced for herself and as her separate and individual business the keeping of a restaurant and a lodging-house, and was engaged in the said business on the tenth day of November, 1899. In the bill of sale conveying the said personal property to the said Mattie Lawrence McDonald it is not recited nor stated that the rents and profits thereof shall be her separate and individual property, and neither was the said Mattie Lawrence McDonald a sole trader under the statutes of Idaho, but the said personal property was the separate and individual property of Mattie Lawrence McDonald, and always was, from the time she purchased the same and until she sold it; and her husband, S. F. McDonald, never had any right, title, or interest in the said personal property, and only had an interest in the rents and profits of the said business as the husband of Mattie Lawrence McDonald, and as a member of the community. That plaintiffs were clearing daily a net profit of ten dollars in the said business on and before the tenth day of November, 1899, and could have cleared a net profit of ten dollars per day from the 10th of November, 1899, to the 19th of April, 1900. Then follows an allegation that S. F. McDonald, before he married plaintiff, Mattie Lawrence McDonald, became indebted to W. J. Van Schuyver & Co., and executed a note for said indebtedness, due one day after date, and also secured the same by a mortgage, on $——— worth of personal property, which said property belonged to said S. F. McDonald; and when and while the said Van Schuyver & Co. held the said mortgage as security for the said note, and when and while the said security was valuable, and had not become valueless, on the tenth day of November, 1899, the said company commenced an action against said S. F. McDonald on said note in the district court of Nez Perces county, and at the same time caused a summons to issue against the said S. F. McDonald, and a writ of attachment authorizing the sheriff of said county to attach his personal property. That said writ of attachment was, on the tenth day of November, 1899, by said J. W. Rozen,

as sheriff, levied upon the property belonging exclusively to Mattie Lawrence McDonald, and the said sheriff then and there took the said property into his possession, closed the lodging-house and restaurant, and totally destroyed and ruined the said business. That before said writ of attachment was levied, said Mattie Lawrence McDonald forbade the sheriff to levy said writ of attachment on said property, and told him that it was her own separate and individual property; that her husband, S. F. McDonald, had no interest therein whatever, but, notwithstanding, the said sheriff maliciously, wrongfully, and unlawfully attached said property. That the said business was ruined and destroyed by reason of said attachment proceedings, and plaintiff could not engage in and carry on said business without the possession of said attached property. That plaintiff Mattie Lawrence McDonald, by reason of such attachment, was compelled to sell said personal property on the general market (after the possession had been returned to her by the sheriff), and thereby lost $1,155.90, being a depreciation in the value of said property on account of the wrongful acts of J. W. Rozen; and said sheriff, in taking said property in his possession, and from the place where the same was being used, damaged the same in the sum of $100. Alleges that she expended in preparing said house for use the sum of $232.86, in which amount she was also damaged by said sheriff, etc. That said attachment on the sixth day of April, 1900, was dissolved by an order of the district court, and no appeal has been taken from such order. That said community husband and wife, by S. F. McDonald, paid to an attorney $100, which was necessary, and that such sum was reasonable. The answer of defendants denies all the allegations of plaintiffs' complaint with the exception of the alleged official capacity of defendant Rozen, and that the other defendants were his duly qualified bondsmen; and, further answering, defendants allege that on the tenth day of November, 1899, W. J. Van Schuyver & Co. commenced an action in the district court of Nez Perces county against S. F. McDonald to recover the sum of $424.90, with interest upon a certain promissory note; allege that attachment proceedings were against S. F. McDonald, and that it was his property levied upon by de-

fendant Rozen, as sheriff; that on or about the fourteenth day of April, 1900, Van Schuyver & Co. and S. F. McDonald settled said action, and said McDonald confessed judgments in favor of Van Schuyver & Co. in the sum of $500, and judgment was entered according to such settlement. It is also alleged that all differences growing out of said attachment proceedings were settled, and the attached property was returned to the possession of S. F. McDonald. Upon these pleadings this cause was tried, and the jury, under the instructions of the court, returned a verdict in favor of the defendants.

It will be observed that the complaint alleges that Mattie Lawrence McDonald was a married woman at the time of the commencement of this action, and had not been adjudged a sole trader. Section 5850 of the Revised Statutes says: "A married woman may become a sole trader by the judgment of the district court of the county in which she has resided for six months next preceding the application." Section 5858 of our statute says: "When the judgment is made and entered and a copy thereof, with the affidavit provided for in the last section duly recorded, the person therein named is entitled to carry on the business specified in her own name, and the property, revenues, moneys and credits, so by her invested, and the profits thereof belong exclusively to her and are not liable for any debts of her husband; and she thereafter has all the privileges of and is liable to all legal processes provided for debtors and creditors, and may sue and be sued alone without being joined with her husband," etc. With an allegation in the complaint that Mattie Lawrence McDonald was a married woman, and has not been adjudged a sole trader under the foregoing provisions of our statute, can she recover in this action under any condition of the pleadings? Harsh as it may seem, we think not. The statute points out the only way in which a married woman can engage in business in this state, and, if she engages in business without availing herself of this provision of the statute, she does so at her own risk, and cannot be heard to complain in an action for damages of the character complained of. She might, and, we think, could, recover in this action for any damages to her separate property with a proper allega-

tion in her complaint; and the record discloses that the trial court offered to permit her to prove damage to her property by the sheriff in removing it from the building where it was being used, but her counsel made an offer to prove this element of damage coupled with alleged damages for loss in value of the goods during the time they were in the hands of the defendant sheriff; also alleged damages for destruction of the business which it is alleged was being conducted by plaintiffs in the city of Lewiston, as well as other elements of damages as shown by the complaint. The court refused the general offer, and counsel for plaintiffs declined to offer further proof, whereupon the court instructed the jury to return a verdict for the defendants. A number of errors are assigned, but they are all based upon the refusal of the court to permit proof as to certain elements of damages alleged in the complaint, and the instruction of the court to the jury to return a verdict for the defendants.

We find no error in the record, and the judgment of the lower court is affirmed, with costs to respondents.

Quarles, C. J., concurs in the conclusion reached.

Sullivan, J., concurs.