**The People of the State of Illinois, Defendant in Error, v. James Y. Thompson, Plaintiff in Error.**

**Gen. No. 22,610.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed January 22, 1917.

### Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against James Y. Thompson, defendant, charging that he did unlawfully, wrongfully and unjustly, for his own gain and to prevent the owner again possessing his property, buy, receive and aid in concealing fourteen bags of Lehigh cement to the value of $7.13, the property of Gustaf A. Johnson, knowing that the cement had been stolen. From a finding by the trial judge, a jury being waived, that defendant was guilty and sentence of a fine of $300 and $6 costs, defendant to stand committed until fine and costs were paid, defendant brings error.

ROBERT F. MUNSELL, for plaintiff in error; L. J. HAIGLER, of counsel.

MACLAY HOYNE, for defendant in error; IRWIN N. WALKER, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. INDICTMENT AND INFORMATION, § 62*—*when amendment of information is proper.* An information stands on different grounds, as to amendment, from an indictment, and may be amended to any

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

extent which the judge admits to be consistent with the ordinary conduct of judicial business, with the public interest and with private rights.

2. INDICTMENT AND INFORMATION, § 62*—*when allowance of amendment to information is proper.* Where an information was amended by striking out the name of one party as defendant, whose name had been inserted by a clerical error on the part of the person who transcribed the information, and inserting the name of another and the proper party, *held* that there was no error in allowing such amendment.

· 3. RECEIVING STOLEN GOODS, § 11*—*when jury must make finding as to value of property.* In a prosecution by information, charging the defendant with unlawfully concealing or aiding to conceal the property of another of a certain value, knowing same to be stolen property, it is indispensable to a judgment that there be a finding as to the value of the property, as same is required under the statute in fixing the punishment.