## STATE v. KUSEL
(No. 1111; Decided February 27th, 1923; 213 Pac. 367)

CRIMINAL LAW—CRIMINAL PROCEDURE—INDICTMENT AND INFORMATION—AMENDMENT OF INFORMATION—CHANGE OF VENUE—DEFECTS IN INFORMATION WAIVED BY PLEA OF NOT GUILTY—AMENDMENT OF INFORMATION AFTER CHANGE OF VENUE—COUNTY AND PROSECUTING ATTORNEY—JURISDICTION IN CRIMINAL CAUSE AFTER CHANGE OF VENUE—EXCEPTIONS TO INFORMATION—MOTION TO QUASH—VERDICT—EFFECT OF VERDICT OF GUILTY ''AS CHARGED IN THE INFORMATION.''

1.  In order to enable a court of general jurisdiction to proceed in the earlier stages of a criminal cause, it is not essential that the information or complaint filed therein be perfect or state a cause of action.
2.  The power of a court of general jurisdiction to permit an amendment to a defective information is distinguishable from its lack of power to render a valid judgment upon an information that states no crime, since in the first case the power relates to procedure and in the latter to a matter of substance.
3.  Where a criminal cause is brought upon a defective complaint or information, the court may permit an amendment thereof, by alleging additional existing facts, that will make it state a crime.

4. The rule permitting amendments to criminal informations by prosecuting officials present in court, is more liberal than that relating to amendments to indictments returned by grand jurors under their oaths before separation.

5. Under Comp. Stats. 1920, Section 7435, a criminal information may be amended as to matters of substance by order of court, after plea, but before trial, except that an entirely different crime cannot be set up by such amendment.

6. An information charging in substance an entry with an intent to commit a robbery, without charging an "attempt" to commit robbery, while defective in substance is amendable by leave of court before commencement of trial.

7. An information in a criminal action sent to another county on change of venue, may be amended before trial as to matters of substance by a court order, made in the county to which the venue has been changed.

8. After the transfer of a criminal cause to another county on change of venue, the county and prosecuting attorney of the county wherein the cause was commenced, by leave of court and before trial, signed, verified and filed in the county to which the venue was changed, an amended information to which defendant entered a plea of not guilty and proceeded to trial, *held*, that exceptions as to the authority of said attorney to so sign, verify and file the pleading related to a defect if any, appearing on its face, and should be taken by motion to quash and were waived by defendant's plea of not guilty.

9. A verdict of guilty, "as charged in the information" is a sufficient finding and response as to all elements of the crime charged in the information.

APPEAL from the District Court of Laramie County; HON. W. A. RINER, Judge.

A. J. Kusel was convicted on a charge of feloniously entering a building with intent to commit a felony and attempting to commit a robbery, and appeals. The material facts are stated in the opinion.

*Kinkead, Ellery* and *Henderson* and *J. E. Jacobson,* for appellant.

The original information filed in Platte County was defective in substance in not charging sufficient facts to constitute a crime; the court erred in permitting the county and prosecuting attorney of Platte County to file an amended information in Laramie County after transfer of the cause to said county on change of venue; the original information did not meet the requirements of any criminal statute of the state nor was it sufficient to charge a crime under the common law, since no overt act is alleged and it is elementary that this is essential; (16 C. J. 112-113; Hogan v. State, 39 So. 464; Ligon v. State (Ga.) 103 S. E. 189; State v. Donovan, 90 Atl. 220; State v. Burris, 97 Atl. 427; State v. Doran, (Me.) 59 Atl. 440; People v. Kane, 55 N. E. 946; Smith v. State, 94 N. W. 106.) the filing of the amended information was either a nullity or it superseded the original information; (People v. Wilson, 150 Ill. App. 595; Brown v. State, 115 Pac. 615; Harris v. State, (Okla.) 132 Pac. 1121; People v. Fensky, (Ill.) 130 N. E. 689.) this resulted in defendant being charged in Laramie County with the commission of an offense in Platte County, or under the theory that the amendment of an information in substance is an abandonment of the original information, the Laramie County court was without jurisdiction to allow the filing of the amended information; a defendant is entitled to trial in the county where the offense is alleged to have been committed; (Const. Art. 1, Section 10; Wharton, 10 Ed. Vol. 1, Section 181.) the county attorney of Platte County had no power to act officially outside his own county; the only county attorney that could file the amended information was the county attorney of Laramie County; (C. S. 1451.) an amended information could be filed only in Platte County (22 Cyc. 439; 14 R. C. L. 193; State v. Bartlett, 59 L. R. A. 756.) the verdict does not respond to the charge laid in the information in not finding that the entry was felonious; it was not a general verdict of guilty

"as charged in the information" but one finding specially as to certain elements of the crime charged and omitting to find as to other material elements thereof, it is insufficient to support a conviction; (Kimball v. Territory, (Ariz.) 115 Pac. 70; Renfroe v. State, (Fla.) 80 So. 183; People v. Lee, 86 N. E. 573; State v. Griffin, 212 S. W. 876; State v. Stephanus, 99 Pac. 428 (Ore.); Stedman v. State, 86 So. 428; State v. Ward, (La.) 86 So. 552; Mai v. People, (Ill.) 79 N. E. 633; Donovan v. People, (Ill.) 74 N. E. 772; Commonwealth v. Call, (Mass.) 32 Am. Dec. 284; People v. Small, (Cal.) 82 Pac. 87; Rings v. State, 42 Tex. 282; Huffman v. State, (Ala.) 8 So. 28; State v. Oakley, (Mo.) 95 S. W. 345; State v. Parken, 67 S. E. 35; State v. Snyder, 73 Pac. 355.) the elements omitted in the jury's finding cannot be incorporated by reference to the information; (Bouvier's 3rd Ed. Vol. 3, 3013; Kimball v. Territory, supra; People v. Lee, supra; People v. Klein, 185 Ill. App. 206;) the judgment is not supported by the verdict in that it purports to be based upon a finding of felonious entry; (Wood v. State, (Okla.) 112 Pac. 11-23; Ex Parte Booth, 154 Pac. 933; Ex Parte Harris, 128 Pac. 156; In Re Burns, 113 Fed. 991; State v. Stephanus, 99 Pac. 438.) the jury made special findings in which no felonious entry was found; the defendant has been placed in jeopardy; (People v. Small, 82 Pac. 87; In Re Burns, supra; Ex Parte Harris, supra; State v. Stephanus, supra.) the cause should be reversed and defendant discharged.

*W. L. Walls,* Attorney General, for respondent.

Exception to the amended information should have been taken by motion to quash; defendant plead not guilty; the theory of defendant is that the original information being insufficient to charge an offense was not amendable and that a new information could be filed against defendant in Laramie County after change of venue thereto; the argument is fallacious; this court has decided that a court granting a change of venue loses jurisdiction not only over the infor-

mation transferred but over any other founded on the same transaction at the same or subsequent time; (Keefe v. District Court, 16 Wyo. 381.) a defendant who procures a change of venue can not object to the jurisdiction of the new court; (State v. McLendon, (Ala.) 1 Stew. 195; People v. Zane, 105 Ill. 662; Taylor v. Comm. 172 Ky. 136.) and waives the constitutional right to be tried in the county where the offense is alleged to have been committed.   (Kent v. State, 64 Ark. 247; Weyrich v. People, 89 Ill. 90; Perteet v. People, 70 Ill. 171; State v. Knapp, 40 Kan. 148; 19 Pac. 728; State v. Potter, 16 Kan. 80; Parker v. Com. 12 Bush, 191; Kennison v. State, 83 Neb. 391; 119 N. W. 768; State v. Crinklow, 59 N. W. 370; State v. Albee, 61 N. H. 423, 60 Am. Rep. 325; Oborn v. State, 143 Wis. 249, 126 N. W. 737.) and this is true although the venue is changed to the wrong county; (State v. Gamble, 119 Mo. 427, 24 S. W. 884; Kennison v. State, 119 N. W. 768.) an objection that an information has not been found, endorsed, or presented as prescribed by law must be made by motion to quash; (C. S. 7483.) it is not a ground for demurrer; (7485 C. S.) it may be waived by failing to object in the proper way; (State v. Harris, 12 Nev. 414.) the alleged defect was apparent upon the face of the record and was waived by failure to move to quash; (People v. Fensky, 130 N. E. 689;) it will be presumed that the county attorney of Platte County was authorized by the county attorney of Laramie County or deputized by him, to file the amended information; (People v. Etting, 99 Cal. 577; State v. Hayes, 16 Mo. App. 560; State v. Moxley, 102 Mo. 374; Shafer v. State, 18 Ind. 444; Stout v. State, 93 Ind. 151; Hamilton v. State, 103 Ind. 99; Wrockledge v. State.) 1 Ia. 167; Territory v. Harding, 6 Mont. 323; Territory v. Layne, 7 Mont. 227.) specifications of error as to the insufficiency of evidence can not be reviewed unless all of the evidence be presented by bill; (7538 C. S.; Koppala v. State, 15 Wyo. 398; Richardson v. State, 15 Wyo. 486.) the verdict was a finding of guilt as charged in the information and was, therefore, sufficient;

(Cook v. Territory, 3 Wyo. 109; Bryant v. State, 5 Wyo. 385; People v. Gilbert, 57 Cal. 96.) a due consideration of the record in this case shows that the objections urged are technical rather than substantial, and no prejudicial error has intervened, the judgment should be affirmed; (Pointer v. U. S., 151 U. S. 419.)

*Kinkead, Ellery* and *Henderson* and *J. E. Jacobson*, in reply.

The case of Keefe v. District Court, 16 Wyo. 381 cited by respondent is clearly distinguishable since it holds that an amended information must be filed in the county where the offense was alleged to have been committed. The county and prosecuting attorney of Platte County had no official authority in the case after the change of venue; (Keefe v. Court, supra; Section 1451 and 7497 C. S.) the amended information was insufficient to confer jurisdiction and want of jurisdiction is never waived and cannot be conferred by stipulation; the statutes prescribe the requisites of an information (7426 C. S.) the Laramie County court acquired no jurisdiction by the filing of the amended information; (22 Cyc. 173; People v. Pilewski, (Ill.) 128 N. E. 801; Evans v. Willis, 97 Pac. 1047; McGarrah v. State, 133 Pac. 260; State v. Beddo, (Utah) 63 Pac. 96; State v. Morrey, 64 Pac. 764; Jackson v. State, 4 Kan. 127; United States v. Co., 230 Fed. 290; State v. Brown, 65 Pac. 213; 19 L. R. A. (N. S.) 1050; In Re Vogland, (Neb.) 66 N. W. 1028; Wolcott v. Territory, 1 Wyo. 67; Patrick v. State, 96 Pac. 527; (Wyo.) ; Shilter v. U. S., 257 Fed. 725; United States v. Cohen, 273 Fed. 620; Moore v. State, 119 S. W. 858, (Texas) ; Trammel v. State, (Ala.) 44 So. 201; the county attorney of Laramie County has no authority to appoint an assistant or deputy with power to file and sign an information himself. The theory of the Platte County attorney acting as a deputy fails. (McGarrah v. State, supra; U. S. v. Cohen, 273 Fed. 620; Engle v. Chipman, 16 N. W. 886.) the assignment of error as to the insufficiency of the verdict

is distinct from a general assignment that the verdict is contrary to law which requires a bill of exceptions for review, respondent argues that this assignment can not be reviewed without a bill of exceptions; the verdict in a criminal case is a part of the record proper; (6407 C. S.) objections to its form may be reviewed without a bill; (Grover Co. v. Ditch Co., 21 Wyo. 204.) the record proper is, of course, presented by record on appeal; it could be reviewed without a bill of exceptions; (Kappala v. State, 15 Wyo. 398; 17 C. J. 83; State v. Modlin, 95 S. W. 345; State v. Grossman, 113 S. W. 1074.) the assignment that the verdict is contrary to law means that it is contrary to the instructions of the court; (Wds. and Phra., Vol. 1, 1003; Valerius v. Richard, 59 N. W. 534; Drexel v. Daniels, 68 N. W. 399; People v. McPherson, 91 Pac. 1098.) the verdict is part of the judgment roll; (State v. Chirafis, 121 Pac. 364.) the making of an application for a change of venue did not constitute a waiver of the question of jurisdiction of the Laramie County court; the Wyoming cases cited by respondent as to the sufficiency of the form of the verdict relate to general verdicts and are not applicable to the form of verdict complained of in the present case.

BLUME, Justice.

An information herein was filed against the defendant on September 19, 1922 in the District Court of Platte County by Fred A. Lynch, County and Prosecuting Attorney, charging that:

"A. J. Kusel, late of the county aforesaid, on the 26th day of August, A. D. 1921, at the County of Platte in the State of Wyoming, did then and there unlawfully and feloniously enter the building of the Grant Hotel occupied by the Chugwater State Bank *for the purpose* of committing a felony, to-wit; robbery."

The defendant was duly arraigned on September 17th, 1921, and he entered his plea of not guilty. On January 28th, 1922, said defendant filed a motion for a change of

venue, which motion was heard on February 7th, 1922, and an order of court was entered on that date, changing the place of trial to Laramie County. On April 7th, 1922, a motion was filed in the District Court of Laramie County, by said county attorney, asking leave of court to file an amended information in said cause. Written objections thereto were filed by counsel for defendant on the grounds, (1) that the application came too late; (2) that the amended information charges a different, separate and distinct offense from that charged in the original information; (3) that the amended information is offered after change of venue of said cause. The motion came on for hearing on the same date, and by order of court was duly allowed. Thereupon the amended information was filed, the exact date of filing not appearing, but apparently on April 7th, 1922. It is exhibited and signed, like the original information, by Fred A. Lynch, County and Prosecuting Attorney of Platte County, and charges, in considerable detail, that the defendant on August 26th, 1921, in Platte County, Wyoming, did wilfully, unlawfully, and feloniously enter a certain building, then and there occupied by the Chugwater State Bank, and, armed with a deadly weapon, made a violent assault on Robert Lollier, Cashier of said bank and in possession of money, with intent, and by violence and by putting said Robert Lollier in fear, to take said money from him. The sufficiency of this information as charging an offense under Section 7098, W. C. S. 1920 is not questioned, except insofar as is hereinafter mentioned, and no motion to quash, plea in abatement, demurrer or motion in arrest of judgment were filed herein. A plea of not guilty under the amended information was entered on April 10, 1922, and the trial of said cause commenced on the following day. The jury impanelled in the case found the defendant guilty. Judgment was duly entered on said verdict, and the cause is brought here by direct appeal.

1. The first error assigned is that the court should not have permitted the filing of the amended information, and

it is contended that no amendment of substance can be made to an information after the case, upon change of venue, has been transferred to another county. It is true, as pointed out, that the original information fails to charge the *attempt* requisite under § 7098, supra, in order to constitute a crime, and the amendment made is, therefore, clearly one of substance, and not of form only. The question thus presented is one of grave difficulty. We must, at the outset, determine whether or not the court acquired any jurisdiction to proceed under this kind of an information. We have the old adage: *ex nihilo, nihil fit*—out of nothing, nothing can arise. So, if the jurisdiction of the District Court of Laramie County depended entirely, or mainly, on the allegations contained in the original information, or if all essential allegations are necessary in the first instance for that purpose, then since that information failed to charge a crime, it would be difficult to conceive how the court, upon the transfer of the case, acquired any such jurisdiction. It will, however, be noted, in the first place, that if the jurisdiction of the latter court was so dependent, that of the District Court of Platte County would appear to be likewise. So we shall discuss the question at hand generally, without special reference to the change of venue. Courts have apparently differed materially as to what constitutes jurisdiction, but most of the differences may be referred to the differences in the conditions, situations and stages of the proceedings in connection with which the term has been applied. There is no doubt that the court, in the case at bar, had jurisdiction of the person of the defendant, and jurisdiction of the subject matter, using the latter term as the power of the court over cases of a certain class. Jurisdiction in the case lies dormant, of course, until called into exercise. It must be invoked in some manner. An action must be commenced, a pleading, complaint or information of some sort must be filed, in order that a court may be said to have jurisdiction; that is to say, power to proceed and do anything in a par-

ticular cause; it is only then that the case may be said to be *coram judice.* (Elliott's Gen. Prac. 1, p. 250, § 233; Brown on Juris., § 2a; Ex Parte Cohen, 6 Cal. 320; Wilcox v. Williamson, 61 Miss. 310; State v. Goetz, 65 Kans. 125, 69 Pac. 125; People v. Guthman, 211 Ill. App. 373; Sheldon v. Newton, 3 O. S. 499; Spoors v. Coen, 44 O. S. 502, 9 N. E. 132.) But in order to enable a court of general jurisdiction to proceed in the cause in its earlier stages, it is not essential, in cases such as the case at bar, that the information or complaint before it be perfect or state a cause of action. (16 C. J. 147; 15 C. J. 733, 851; O'Brien v. People, 216 Ill. 354, 75 N. E. 108, 108 A. S. R. 219; 3 Ann. Cas. 949; State v. Smith, 29 R. I. 513, 521, 72 Atl. 710; Lamar v. United States, 240 U. S. 60, 36 S. Ct. 255, 60 L. Ed. 526; In Re First National Bank, 152 Fed. 64, 11 Ann. Cas. 355; Elliott's Gen. Prac. 1, p. 241, § 230; Works, Courts and their Jurisdiction, § 11; Frost v. Witter, 132 Cal. 421, 64 Pac. 705, 84 A. S. R. 53; Buchanan v. Ray's Lessee, 2 O. S. 251, 269.) In the case of In Re First National Bank, supra, the court said:

"Jurisdiction of the subject- matter and of the parties is the right to hear and determine the suit or proceeding in favor of or against the respective parties to it. The facts essential to invoke jurisdiction differ materially from those essential to constitute a good cause of action for the relief sought. A defective petition in bankruptcy, or an insufficient complaint at law, accompanied by proper service of process upon the defendants, gives jurisdiction to the court to determine the questions involved in the suit, although it may not contain averments which entitle the complainant to any relief; and it may be the duty of the court to determine either the question of its jurisdiction or the merits of the controversy against the petitioner or plaintiff. Facts indispensable to a favorable adjudication or decree include all those requisite to state a good cause of action, and they comprehend many that are not essential to the jurisdiction of the suit or proceeding. * * * The facts which con-

ditioned the jurisdiction of the court were the filing of the petition and the service of the subpoena. (In Re Plymouth Cordage Co., 135 Fed. Rep. 1000, 1004, 68 C. C. A. 434, 438.)''

In the case of O'Brien v. People, supra, the court said:

''The chief argument against the jurisdiction of the court is that the allegations of the bill of complaint are not sufficient to sustain the prayer of the bill and do not set out specific facts which would give the court jurisdiction —in other words, that the bill would have been obnoxious to a demurrer. It is well settled that jurisdiction does not depend upon the sufficiency of the bill. If the court has jurisdiction of the subject matter and of the parties nothing further is required. The cause of action may be defectively stated, but that does not destroy jurisdiction. *  *  * Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to decide whether the pleading is good or bad.''

Carrying out the principle, that a good cause of action is not essential to jurisdiction, to its logical conclusion, some courts have held that a judgment rendered on a fatally defective information cannot be attacked collaterally. (Ex Parte Grubbs, 79 Miss. 358; 30 So. 708; McLaughlin v. Etchinson, 127 Ind. 474, 27 N. E. 152; 22 A. S. R. 658.) (See Ex Parte Williford, 50 Tex. Crim. 417, 100 S. W. 919.) The reasons given are that the court before which the cause is pending had authority to determine as to whether or not the pleading was good, and that it is not deemed advisable when such determination is made in favor of the sufficiency of the complaint, that another court should, in a collateral proceeding be able to interfere with its judgment, as a contrary holding might lead to continual interference by one court with the proceedings of another. The weight of authority, however, is against such holding. (29 C. J. 43 and

cases cited; Ex Parte Carlson (Wis.) 186 N. W. 722.) We
do not have to decide that question here. But we may sug-
gest that a distinction may well be drawn, without splitting
hairs, between the essential things and facts necessary to
be before the court at the early stages of a criminal pro-
ceeding, and those before it when it renders judgment
against the accused. The power to proceed in a cause and
permit, for instance, the making of an amendment appears
to be, in its nature, a power different from the power to
render a judgment upon an information that states no
crime. In the one case, the power relates to procedure; in
the other to a matter of substance. Further, our constitu-
tion guarantees to the defendant the right to be informed
of the nature and cause of the accusation and to have a copy
thereof. (Const., Art. I, Sec. 10.) And had the trial of
this case proceeded to the end, upon the original informa-
tion, it might well be held, even in a collateral proceeding,
that no valid judgment could be rendered against him. A
defendant, in fact, should, under the constitution, be in-
formed of the accusation against him, at least a reasonable
time before he is actually put upon trial.

It might, however, with some degree of plausibility, be
argued that since some sort of an information must be filed
before the court acquires jurisdiction, the authority of the
court should be called into exercise in an effectual manner;
that, for instance, every essential element of a crime should
be stated in an information; that unless it does so, it is as
good as none at all. And this in effect has apparently been
held by some of the cases. (See cases cited in note L. R. A.
1918 B, page 1173.) But, as we indicated, to invoke the
power of a court to proceed in the cause and do whatever
may legally be done, is one thing; to render an effective,
valid final judgment in favor of plaintiff where no cause of
action is stated, is another. If a case should be presented
where no possible crime could be charged in the further
proceedings of the cause, as for instance in Ex parte Shaw,
4 Okl. Crim. 416, 113 Pac. 1062, it might not be unjustifi-

able for a court to hold, as was done in that case, on habeas corpus, that the proceedings might as well be stopped at the beginning without compelling the defendant to go through a useless trial. That might even be done, with considerable justification, in case no cause of action has been stated in the information by way of amendment or otherwise, before or at the time of the hearing on the writ of habeas corpus. But we have no such case here. In the case of Ex parte Farrell, 36 Mont. 259, 92 Pac. 785, the court said:

"If an information states facts which do not constitute any crime known to the law, or undertakes to state such an offense, but the facts stated do not constitute such an offense, and no addition to them, however full and complete, can supply what is essential, then the court is without jurisdiction to put the complainant on trial."

But if, on the other hand, as in the case at bar, facts exist which may be supplied in the information by way of additions or amendments, so as to state a crime, the court cannot be said to be without that jurisdiction in the case which will enable it to proceed therein and make such orders therein as are permitted by law, including the power to permit amendments to be made. (Ex parte Robinson, 73 Fla. 20, 75 So. 604, L. R. A. 1918 B 1148; In Re Hacker, 73 Fed. 464; Bopp v. Clark, 165 Ia. 697, 147 N. W. 172; In Re McKenna, 97 Kans. 153, 154 Pac. 226; Ex parte Whittacker, 43 Ala. 323; Ex parte Kitchen, 19 Nev. 178.) In this, we are assuming, of course, that the law does not prohibit amendments, but allows them to be made. In fact, since an order of a court permitting an amendment to be filed is clearly an exercise of jurisdiction, we would not have needed to extend our inquiry further than to find out directly whether or not an amendment to the extent in question is permissible under our law; for the sake of clearness, however, we have thought best to consider all phases. If the statute, without making any qualifications or conditions, should compel the information to be in the form definite and certain at the time of its filing, and the law of the state

should fail to authorize the filing of an amendment to the extent in question, then we should have an altogether different question before us than is contemplated in the cases last cited. We shall accordingly turn to the direct consideration of the power of making amendments, and consider in the first place what right in that respect resides in the court in which the action is commenced; for the contentions made in the case at bar, that no such amendments may be made in the county to which a case is transferred, are strikingly similar to the contentions frequently made in that respect in cases before the court where the action was commenced.

Many of the principles of our criminal procedure find their root in the common law of England. Prosecutions for felony were permitted only after proper indictment found by the grand jury. Misdemeanors, however, could be prosecuted upon information, and these were of two kinds; (1) those preferred by the Attorney General, or in his absence or when his office was vacant by the Solicitor General or other person. (Chitty, Crim. Law., 843 *et seq.*,) and (2) those preferred by other parties. Before the statute of 4 & 5 W. & M. C. 18, it was in the power of any individual to file an information at any time. But by that statute it was enacted that no information should be filed without the express order of the court, the master of the crown office had charge and control of the case, and the informant was compelled to enter into the necessary recognizance to prosecute. (The King v. Joliffe, 4 T. R. 290; Chitty, Crim. Law 856, 857, 863.) That these proceedings furnish the model, the basis, for our procedure is clear, although, for the purpose of expediting the trial of cases, and liberalizing procedure in accordance with the demands of the times, all felonies under our law may be prosecuted under information filed and subscribed by the prosecuting attorney, who occupies a similar position to that of the Attorney General in England. Informations for misdemeanors tried in courts not of record may probably be exhibited, signed and filed by private individuals. Although indictments, unless per-

haps in informal matters, could not, at common law, be amended by the attorney representing the Government, amendments to an information could be made at any time before trial. (Chitty, supra, 298.) The reasons were pointed out in the celebrated case of Rex v. Wilkes, 4 Burr. 2569, decided in 1770, in these words:

"There is a great difference between amending indictments and amending informations. Indictments are found upon the oaths of a jury, and ought only to be amended by themselves; but informations are as declarations in the King's suit. An officer of the crown has the right of framing them originally, and may with leave, amend in like manner as any plaintiff may do. If the amendment can give occasion to a new defense, the defendant has leave to change his plea."

That informations might be amended to a greater extent than in mere matters of form appears from the foregoing quotation, although the amendment applied for in that case was only formal. Lord Mansfield stated that "there never was any distinction as to amendments at the common law between criminal and civil causes." Mr. Justice Yates, referring to the same matter, said that "in common law amendments, there is no difference between criminal and civil proceedings." In the case of King v. Holland, 4 T. R. 457, decided in 1791, a demurrer was interposed to the information filed, the ground of which does not appear. Thereupon the Attorney General applied for leave to amend, which was objected to, for the reason that if upon every demurrer the Attorney General were to be at liberty to amend, the party would only be assisting him to draw a sufficient information against himself, or suffer himself at once to be tried on an insufficient one. The application was allowed, the court saying in part that "amendments upon informations are so much a matter of course, that they are even made on an application to the judge at chambers." In the case of Attorney General v. Henderson, 3 Anst. 714, decided in 1796, the Solicitor General moved for leave to

amend an information by adding another count. The motion was granted, the case stating that ''upon inquiry the practice was found to be, that the Attorney General may, at any time, amend an information, as of course.'' These last two cases furnish justification for the statements in Rex v. Wilkes, supra, that there was no difference between civil and criminal proceedings on the subject of amendments at common law.

The courts in the United States have held substantially unanimously that informations, at least if made at the proper time and place, may be amended in matters of substance. (22 Cyc. 436.) In the case of State v. Phillips, 65 Wash. 324, 118 Pac. 43, where it was argued that an information could not be amended, but that a *nolle prosequi* should be entered and a new information filed, the court, without deciding these points, held that the filing of an amended information is not a matter jurisdictional but one affecting procedure only. That, too, was the holding of this court in McGinnis v. State, 17 Wyo. 106, 111. How many amendments may be filed or to what extent these may be made is necessarily largely in the discretion of the trial court and unless an abuse of discretion is shown, this court will not interfere. (17 C. J. 228-9; State v. Psycher, 179 Mo. 140, 77 S. W. 836.) A few of the authorities showing to what extent and under what conditions amendments may be made, may be pointed out. In Secor v. State, 118 Wis. 621, 95 N. W. 942, the court said:

''If it be ascertained before trial that the information so filed be defective or does not charge the proper offense, no good reason occurs to us now why the prosecuting officer may not, with the consent of the court, amend the information, or substitute a new one, care being taken that the accused is not taken by surprise, or otherwise deprived of any substantial right.''

In State v. Hubbard, 71 Vt. 405, 45 Atl. 751, the court said:

"It is contended on behalf of the respondent that the allowance of this amendment was, in effect, making a new information and therefore improper. Assuming the respondent's contention, as to the effect of this amendment, to be sound, it can avail him nothing, for, at common law, informations were amendable in substance, even to the striking out or the addition of new counts."

In State v. White, 64 Vt. 372, 24 Atl. 250, the original information failed to state a cause of action in that it appeared that it was barred by the statute of limitations. An amendment changing the date was permitted. So in McKey v. State, 90 Nebr. 63, 132 N. W. 741, 91 Nebr. 281, 135 N. W. 1024, Ann. Cas. 1913 B. 1034, 39 L. R. A. N. S. 714, the court held an information, defective because of stating an impossible date, to be amendable. In Truitt v. People, 88 Ill. 518 it appears that the statute prohibited the keeping of a table for gaming, at any game for money or other valuable thing. The information simply charged the keeping of a common gaming table without a license, and left out the absolutely essential allegation that the gaming was for money or other valuable thing, an allegation just as essential there as the allegation of "attempt" in the case at bar. But the court said that it had no doubt that the affidavit (information) might have been amended. (See also State, v. Butcher, 79 Iowa 110, 44 N. W. 239.) In the case of Ex parte McKenna, 97 Kans. 153, 154 Pac. 226, a habeas corpus proceeding, the complainant had been charged in an information with selling near beer. There was no law making that a crime; to make the facts a crime it was necessary to charge, as the one essential fact, that the liquor sold was spirituous, malt, vinous, fermented or intoxicating. The court refused to release the complainant for the reason that the information might be amended, thus, in effect, though not directly, holding that the court in which the action was pending had the authority to permit the making of an amendment, which in its scope would have been as broad as the amendment in the case at bar. That new counts may be

added is held in State v. Bawley, 12 Conn. 102; King v. Wilson, 6 Sask. L. 348; 26 Western Law Rep. 148; although the holding of courts is not unanimous on this point. Bishop on Crim. Proc. § 714, says:

"An information differs from an indictment. Since the prosecuting officer, unlike the grand jury, is always present in court, he may on leave amend it to any extent not interfering with the due order of judicial proceedings or otherwise with public interests or private rights."

This statement finds support, or has been cited with approval, in a number of cases, including People v. Thompson, 203 Ill. App. 296; State v. Terrebonne, 45 La. Ann. 25, 12 So. 315; Long v. People, 135 Ill. 435; State v. Doe, 50 Iowa. 541.

These cases show that considerable latitude of discretion is vested in the lower court in permitting amendments to be made, and the fact that the original information fails to state a cause of action is not necessarily a hindrance. Our statute appears to follow the common law rule, except that it does not permit amendments of substance to be made on the trial. Section 7435, Wyo. C. S. 1920, provides:

"An information may be amended in matter of form or of substance, at any time before the defendant pleads, without leave of court. The information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant, and the finding of the court as to such matters shall be final and not subject to review. No amendment shall cause or operate to cause any delay of the trial, unless good cause therefor is or shall be shown by affidavit."

It will be noted that no special provision is made for amendments between the time when the defendant pleads and the time of the trial. But the identical provision has been construed, and we think correctly, in the case of State v. Chance, 82 Kans. 388, 108 Pac. 789, where the court in part said:

"The force of the statute is that prior to arraignment and plea the state has an absolute right to amend in any respect, without asking permission, but that on the trial no amendment may be made even by leave of court except in matter of form. The fair inference is that after a plea has been entered, but before the trial has begun, substantial amendments may be made, but only upon order of the court. That is the rule at common law (22 Cyc. 436, 437,) and the statute is not less liberal. Convictions have repeatedly been sustained based upon amended informations filed after one trial had been had."

There must, however, be some limit. It is generally held that an entirely different crime cannot be set up in the amended information. (State v. Jenkins, 92 Mo. App. 439; State v. Emberton, 45 Mo. App. 56; Tatum v. State, 66 Ala. 465; Razee v. State, 73 Nebr. 732, 103 N. W. 438; Queen and Norton, Fontescue 232, 92 Eng. Rep. 831.) In State v. Richenbach, (Utah,) 198 Pac. 767, 769, the court said:

"The amendment may be as to matter of substance as well as to matter of form. It does not follow that the prosecutor by amendment can alter the nature of the case. He cannot substitute one offence for another; nor can he by amendment charge an offense where it is impossible to determine from the original information what offense was attempted to be charged. We believe it to be fundamental in the law of pleading and practice, in both civil and criminal procedure, that an amendment is not permissible if it changes the nature of the cause of action or offense, as the case may be."

The rule which, as it appears to us, should govern in such cases, seems to be fairly well stated in the case of State v. Broeder, 90 Mo. App. 156, 167, 168, on rehearing as follows:

"And it seems to us that where the right is given to amend, as to both form and substance * * * the right cannot be restricted to such defects as would be cured by the statute of jeofails, after verdict, but exists even if the

information failed to state an offense, if it can be clearly gathered from what is stated in the information that the prosecuting attorney intended to charge a particular offense or the violation of a specific statute."

Does the rule hold true in this case? After some hesitancy, we think it does. The original and amended information have in common (1) the date of the crime; (2) the place of the crime as to county; (3) the entry of a building, namely (4) the place occupied by the Chugwater State Bank; (5) the intent to commit a felony; (6) that this felony is robbery. Section 7098, under which the amended information was filed, has the headline "Entering house to commit felony." That is substantially, with additional details, what is charged in the original information. The only other sections of the statute to which reference could possibly have been made are Sections 7097 and 7099 of the statutes, but, without pointing out details, we think that the charge was intended to be made under Section 7098, and intended to charge the same offense charged in the amended information. We do not think that we are called upon to be hyper-critical. It does not appear that there was at any time any doubt in the minds of the parties as to what offense was intended to be charged. The court's attention was not called to the fact that the original information stated no crime; that specific point appears first to have been made in this court. The court below was perhaps led to believe, from the objections filed against the amendment, that the amended information simply stated the crime originally charged in more detail. The information on which defendant was tried was filed April 7, 1922, the defendant pleaded to the information as amended April 10 and the trial was commenced on April 11. No further or additional time was asked for, and while the making of amendments of importance should not be encouraged when made only shortly before the trial, and the court should properly protect the rights of a defendant as impartially and fairly as the rights of the state; and while in this case the court might well have

refused to allow the filing of the amended information, yet we are unable to say, under the circumstances of this case, that the discretion vested in it was abused, provided that the fact that a change of venue had been taken does not alter the situation. That point we shall now proceed to consider.

2. As heretofore stated, counsel for defendant contend that no amendment of substance could be made after the venue in the case had been changed. They cite in support of·that contention only one case; State v. Bartless, 170 Mo. 658, 71 S. W. 148, 59 L. R. A. 756. To this, however, must be added Holcomb v. State, 16 Okl. Crim. 1, 166, Pac. 755, which, under a like constitutional provision, follows the Missouri case without assigning any additional reasons. The former case assigns as the reason that under the Missouri constitution prosecutions by indictment and information are made "concurrent remedies," and the court proceeds to argue:

"If concurrent, then a prosecuting attorney of one county would have no greater power over an information which he could file in his own county than would a grand jury over an indictment they had found in their own county. As they could not find one for a crime done outside of their own county, neither could he file an information outside of his own county for a crime done in his own county. * * * The only way to get a new indictment is to have new action taken by the grand jury of the original county, and the only way to have a new information is to have the amended or new information filed in the original county."

It seems entirely clear that if any such construction is to be put upon the term "concurrent remedies" as was done in the cases cited, then since indictments cannot in any court be amended in matter of substance, neither can an information, and it would seem to be absolutely immaterial whether that amendment is sought to be made in the original county, or in the county to which the venue has been changed. And yet the Supreme Court of Missouri, in cases

where no change of venue had been taken, held, both pre-
vious as well as subsequent to the Bartlett case, that amend-
ments could be made to an information. (State v. Johnson,
93 Mo. 317, 6 S. W. 77; State v. Psycher, 179 Mo. 140, 77
S. W. 836; State v. Coleman, 199 Mo. 112, 97 S. W. 574.)
That too is held in Oklahoma; (Little v. State (Okla. Crim.)
204 Pac. 305.)

Whatever, however, we may think of the soundness of
these decisions, they are based upon constitutional provi-
sions which we do not find in this state. Almost identical
with the provisions of our Constitution are those of North
Dakota, and the court of that state in the case of State v.
Woods, 24 N. D. 156, 130 N. W. 321, considered the point
now under consideration, and, holding the Missouri case not
authority, came to a conclusion diametrically opposite there-
to, deciding that, where the original information attempted
to charge a crime, it could, after change of venue had been
taken, be amended in the court of the new county. The
court said in part:

"It would result in the absurd proposition that after the
trial has been transferred to another county on the applica-
tion of the defendant, and the state finds it necessary, on
the trial, to make a change in form of the information, pro-
ceedings must be suspended or the court adjourned, the
state's attorney return to the county of which he is an offi-
cial and there make his amendment, and then have it trans-
mitted to the county in which the trial is to occur. We think
no such procedure was contemplated or intended to stand
in the way of or interfere with the orderly and speedy ad-
ministration of justice, and we hold that the amendment was
properly allowed."

The case last cited finds support in the case of State v.
Lyts, 25 Wash. 347, 65 Pac. 530, where the court said:

"After the change of venue from King to Snohomish
county, the superior court of Snohomish county was pos-
sessed of complete jurisdiction of the cause. When the in-
formation was amended, the action was not dismissed. 1

Bish. New. Cr. Proc. § 714, says: 'An information differs from an indictment. Since the prosecuting officer, unlike the grand jury, is always present in court, he may, on leave, amend it to any extent not interfering with the due order of judicial proceedings.' Section 4860, 2 Ballinger's Ann. Codes & St. declares: 'The court to which an action or proceeding is transferred has and exercises over the same a like jurisdiction as if it had been originally commenced therein.' "

If the accusation herein had been made by an indictment, the District Court of Laramie County would have had to proceed with the case under it, without the power of allowing any amendment of substance. But that fact, as heretofore indicated, does not help us, for the reason that in such case the one court is no more limited in its power in this respect than the other—the courts stand on a footing of equality, each equally limited. Unfortunately, not much light is thrown upon the subject under discussion by the common law, but whatever little we find tends to show that the court to which the place of trial was changed was vested with no less power as to the proceedings in the case, after the change, than would have been vested in the court where the action was brought, had no transfer been made. Chitty on Crim. L. 494, says that in case of such transfer from one court to another "the place where the inquiry is instituted, is the only deviation from the ordinary course of proceedings." Amendments, at common law, could be made to an information, as we have seen, at any time before the trial. Now it must have frequently happened that where the place of trial was changed, the Attorney General found, subsequent to the change, that amendments were absolutely necessary. Yet we have no reported case or any other authority indicating that the power to make amendments did not then exist, and the absence of such authority rather leads us to believe that the change of venue in no manner affected the general authority vested in courts under the law. Our statute makes no specific provision in such case. It simply pro-

vides, without making a special limitation, that the jurisdiction of the court to which the change is directed is complete upon the filing of the original papers and transcript in the clerk's office in that court. (Wyo. C. S. 1920, § 6426) and that thereafter the trial shall proceed in all respects as though originally brought therein. (§ 7497.) The District Court of Laramie County is a court of record, of general jurisdiction. Nothing is indicated in the sections of the statutes mentioned limiting its power. In civil cases, there is no doubt on this subject. The court to which the case is transferred obtains identically the same jurisdiction as would have been possessed had the place of trial not been changed, including the power to permit the making of amendments. (7 R. C. L. 1040, 40 Cyc. 176, 178.) And as prosecutions under information are permitted for the purpose of liberalizing procedure, and since, as we have seen, there was no distinction as to amendments at common law between criminal and civil cases, it would seem clearly logical to hold, that the right to amend an information in the new county, to which a case is transferred, is as broad as the right would have been, had no change of venue been taken.

The right of the state to amend, upon leave of the court, is one of the incidences of a prosecution under an information. Why should this right be lost, simply because upon application of defendant the venue is changed? We know of no principle of the common law which would compel or permit that. The statute allowing amendments does not so provide. Sec. 7435 gives power to courts in general terms to permit amendments, and makes no exception in case the place of trial is changed. If such exception had been intended, it would seem that a specific provision to that effect would have been made. We know of no other incidence or right connected with a cause which is absolutely lost and totally destroyed when a change of venue is taken, unless we so consider the loss of the right of trial before a jury in ·the old county, which, however, is compensated by the right

of trial before a jury in the new county, and unless we so consider the possible loss of the state to be represented by the prosecuting attorney of the old county, which, however, is compensated by the right to be represented by the prosecuting attorney of the new county. The constitution, it is true, guarantees to a defendant the right to be tried by a jury of his peers in the county in which the crime is committed. But we cannot see how that affects the question at hand. Except for that constitutional provision the legislature might provide for the trial of the case in any other county without the consent of defendant. (State v. Potter, 31 Kans. 80, 97; 16 C. J. 187.) The latter has no fundamental constitutional right to have the pleadings settled in the county where the action was commenced. The right extends only to the trial by jury, and so long as that is not waived, probably also to the other proceedings in the case. But this privilege guaranteed to the defendant by the fundamental law of our state may be waived. (16 C. J. 187, 203.) And when he waives it, when he applies for and obtains a change of the venue, he then knows what incidences are connected with his case and the proceedings thereunder; what rights the state has, what rights he has, and he necessarily applies for and takes the change of venue subject to the laws in force, and impliedly consents that all proceedings ordinarily incident to and connected with the cause, may be had and done in the new county, unless the statute makes provisions to the contrary. And there is no reason for holding, in the absence of a statutory provision, that the right to amend is lost, any more than that other rights are lost; such, for instance, as that relating to the challenging of jurors. It would, therefore, seem clear, upon principle, that the complete jurisdiction given under Section 6426, Wyo. C. S. 1920, to a court upon transfer of a case, should carry with it, as a necessary incident thereto, the full power and right in the court to make all such orders in said cause as are ordinarily made in cases originally brought in that court. The language of this court used in

McGinnis v. State, 17 Wyo. 106, 111, is apropos when it said:

"The authority to permit the filing of an amended in-formation arose from the jurisdiction over the subject mat-ter and the person of the accused. Such jurisdiction having attached, the court had jurisdiction for all purposes."

Counsel for defendant argue that the original informa-tion was either null and void or the original information was entirely "superseded and wiped out," and hence the filing of the amended information constituted in either event the commencement of a new action and the District Court of Laramie County never acquired jurisdiction. We see noth-ing in this contention. The cases cited by counsel lead to no such conclusion. No original information, charging the defendant with a crime committed in Platte County could, of course, be filed in Laramie County, and if the amended information constituted in fact the commencement of a new action, then no matter what it was called, it would have been improper. The name given to the paper could not alone determine its character. That must be determined largely by the allegations of the amended instrument com-pared with the original. But there is no reason why amend-ments cannot be made by filing an amended information in a criminal case any more than by filing an amended petition in a civil suit, and it has been so held. (State v. Reilly, 108 Iowa, 735, 78 N. W. 680.) That, in fact, has been the constant practice. In a sense, of course, every amended in-strument, whether a petition in a civil suit or an informa-tion in a criminal action, must be held to supersede the original, otherwise a trial would be had upon two separate petitions or informations. But that is far from saying that the filing of the amended petition, or information, con-stitutes necessarily the commencement of a new action. Had no change of venue been taken in this case, and had the amended information been properly filed in the District Court of Platte County, the filing of said amended informa-tion would have been proper and hence would not have con-

stituted the commencement of a new action. In the case of Ex parte Rankin (Nev.) 199 Pac. 474, a dismissal was entered of the original proceeding, and a new information was filed. And still the court considered the filing of the new information in the nature of an amended information of the original. We cannot see why the place of filing, where the cause is one within the jurisdiction of the court, should make any difference. We must accordingly overrule the assignment of error above mentioned.

3. The amended information, as has been noted, was exhibited by, and subscribed by Fred A. Lynch, County and Prosecuting Attorney of Platte County. Counsel for defendant contend that, after the change of venue to Laramie County, no one except the county and prosecuting attorney of that county had authority over the case and the right to file the amended complaint; that accordingly no proper information exists upon which the defendant was tried; that the defect existing is jurisdictional and hence the court had no power to try this case. A number of cases are cited, many of which support the contention thus made, including McGarrah v. State, 10 Okla. Crim. 21, 133 Pac. 260; Evans v. Willis, 22 Okla Crim. 310, 97 Pac. 1047; Connors v. Pratt, 38 Utah, 258, 112 Pac. 390 and cases cited; note to 19 L. R. A. N. S. 1050 and cases cited. The array of authorities seems formidable. Without, however, going into the detailed investigation of them, we may say that they are necessarily based upon statutes, and unless these statutes are like ours, the cases would not be controlling here. We might add that we have searched the statutes of Oklahoma and Missouri and do not find that these states have any provisions corresponding to Sections 7487, Wyo. Comp. Stat. 1920, hereinafter referred to. The cases decided in Utah were under acts prior to 1901 and no decisions, such as referred to by counsel, have been decided in that state under the law in force since that time, which provides that a motion to quash may be made because the information is not subscribed by the district attorney and unless so made the

defect is waived. We must accordingly investigate the point under consideration in the light of our statutory provisions.

Section 13 of Article I of our Constitution gives plenary power to the legislature to enact laws as to how criminal prosecutions for felony may be commenced. Pursuant thereto the legislature has provided that the county attorney of the proper county may file an information in term time or vacation and that he must subscribe his name thereto. (Section 7426, Wyoming Comp. Stat. 1920.) Said attorney must appear in all criminal cases pending in the District Court, whether commenced in that court or brought there by change of venue. (Sec. 1451.) The District Court may, whenever it is of the opinion that the public interests require it, appoint an attorney to assist or act for the prosecuting attorney in the *"trial"* of cases and while so doing may do all things which the prosecuting attorney might do. (Section 1457.) It may be doubted that the term "trial" as used in the latter section is to be construed so as to exclude assistance or substitution in all preliminary matters, and if not, it might well be presumed, since the record is silent thereon, that Fred A. Lynch, County and Prosecuting Attorney of Platte County, was duly appointed by the court pursuant to the foregoing provisions (18 Cyc. 1339) and hence had the authority to do any and all things that could have been done by the prosecuting attorney of Laramie County, But we need not decide that point and prefer to rest our decision on other grounds.

When the statute—the Constitution permitting—points out the method by which criminal proceedings shall be commenced and prosecuted, that method, in the absence of any qualifications made by the legislature, is jurisdictional, and unless followed substantially, the proceedings would be fatally defective. (15 C. J. 797.) The legislature had the right to require the information to be subscribed by the prosecuting attorney. But it was not its duty to make that

requirement. It had the right to provide that it might be filed and subscribed by some one else, and hence had the right also to say that when not subscribed by the prosecuting attorney, the defect should be deemed waived unless taken advantage of under certain conditions. The subject was fully discussed in the case of Bass v. City of Casper, 28 (Wyo.) 387, 205 Pac. 1008, 208 Pac. 439. That was a civil case, but the principles involved apply alike to criminal and civil cases. It was said in that case:

"What the legislature could have dispensed with in the first place, it has power, as we have seen, to declare waived, or the defects therein cured, unless objections are filed as provided by law."

Assuming, therefore, without deciding, that the statute required the prosecuting attorney of Laramie County to file and sign the amended information herein, the question remains, whether the defect has been waived under legislative sanction. Sec. 7462 of Wyo. Comp. Stat. 1920 provides that no indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings be stayed, arrested or in any manner affected (after enumeration of other things) for "any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Sec. 7483 provides:

"A motion to quash may be made in all cases where there is a defect apparent upon the face of the record, including defects in form of the indictment (or information) or in the manner in which the offense is charged."

Section 7487 provides:

"The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or information, or pleading in bar, or not guilty."

Since the fact that the prosecuting attorney did not exhibit or subscribe the information is apparent upon the face of the record, and since no motion to quash was made herein, it must be clear that the failure above mentioned is

waived under the foregoing provision if the fact thereof is embraced within the meaning of the term "defect." It becomes important, therefore, to determine what that term means. It is hard to decide whether the defects referred to in Section 7462, supra, refer to the same or similar defects as are contemplated by Section 7483 or not. Under the Kansas Statute (Sec. 5552, St. 1901,) no indictment or information may be quashed for any "defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits," and if that were the construction to be put upon our statute, then the defects which may be reached under Section 7483 would be of even more substantial nature than those mentioned in Section 7462, although the defects which do not tend to prejudice the substantial rights of the defendant may be very important. We need not determine the point, but feel fully justified in holding that the defects referred to in Section 7483 include at least all defects referred to in Section 7462, and unless we could say that the defect, in the case at bar, is one that tends to prejudice the rights of the defendant upon the trial of the merits, we could not sustain the contention herein made. Counsel for defendant did not object to the fact that the county attorney of Platte County, rather than the county attorney of Laramie County, filed and subscribed the amended information. The lower court's attention was not called to the incompetency of the former in filing and subscribing it. The point appears not to have been raised in the lower court at all. It was mentioned, but faintly so, and not urged, in the original brief filed by counsel for defendant in this court, and not until the oral argument herein was stress laid upon it. When, accordingly, the prejudice to the defendant by reason of the fact mentioned did not occur to the able and resourceful counsel for defendant, we can hardly be expected to do more, and think that the defect was waived when no motion to quash was made.

Our opinion does not stand alone. Whatever may have been previously thought by the Supreme Court of Kansas; the recent case of State v. Elliott, 110 Kans. 40, 202 Pac. 847, shows a decided inclination in favor of our view. The person who filed the information in that case assumed to act as the "acting County Attorney," but the court, as shown by the syllabus prepared by it, seems to treat as indifferent whether he in fact was so or not. The holding is:

"An information for felony which was filed by a person other than the county attorney, and which was not challenged in the District Court, was sufficient to sustain a conviction, either as the act of a *de facto* prosecuting attorney, or as the act of a deputy county attorney."

In the recent case of People v. Fritz, (Cal. App.) 201 Pac. 348, the court said:

"The information in the case is not subscribed by the district attorney or any one acting in his behalf, for which reason the appellant contends that there is no valid information on file. It is undoubtedly the law that an information in this state must be subscribed by the district attorney, (Pen. Code. Sec. 809) and that the information must be set aside by the court in which the defendant is arraigned upon his motion, if it be not so subscribed. (Pen. Code. (Sec. 995.) But if the motion to set aside the information is not thus timely made, and none was made in this case, the defendant will be held to have waived the objection, and is precluded from afterwards taking advantage of the defect. (Pen. Code. Sec. 996; People v. Johnston, 48 Cal. 549, 550; People v. Villarino, 66 Cal. 228, 230, 5 Pac. 154.)"

The decision is based upon a statute which authorizes the quashing of an information not subscribed by the prosecuting attorney, and which we presume, contemplates not only the actual physical fact of subscribing the instrument, but also the fact which is therefrom implied, namely, that the information is actually exhibited by him. If the motion to quash is not made, the defect is waived. That too is the statutory law of several other states, including Utah, Mon-

tana, and Washington. These laws shed considerable light on the subject now under consideration. The legislative departments of these states which passed these laws, clearly and unmistakably voiced the sentiment that the defect here mentioned is not one of such fundamental importance as, for instance, has been declared by the courts of Oklahoma, but is one that may be waived unless timely objection is interposed. That the judgment of the legislatures of these states, so expressed, is entitled to considerable weight in deciding what our legislature meant to include in the term ''defect'' is clear.

Our opinion is supported, too, by the principles announced in another line of cases. The objection in the case at bar goes to the competency of Fred A. Lynch in filing and subscribing the information. The question of the competency of a grand jury has frequently been raised and it is generally held that no objection will avail after a plea to the merits has been entered. (16 C. J. 1261.) The fact that in most of these cases the competency of only one or two grand jurors was attacked does not, we believe, take away the force of these cases, since the incompetency of one juror necessarily affects the competency of, and pervades, the whole body. Thus it is held that the objection is waived after plea to the merits, where a grand juror was not a qualified elector; (State v. Rafe, 56 S. C. 379, 34 S. E. 660) or a partially disqualified elector (State v. Malony, 12 R. I. 256; State v. Duggan, 15 R. I. 412,) or an alien (Byrne v. State, 12 Wis. 577) or not a free holder (Horsey v. State, 3 Harr. & J. 2,) or when it was objected that none of the grand jurors were qualified to act because not legally drawn or summoned. (Newman v. State, 14 Wis. 426.) Counsel for defendant have cited us to Trammel v. State, 151 Ala. 18, 44 So. 210, but we find it stated in Finley v. State, 61 Ala. 201 that there is no statute in that state applicable to criminal proceedings, which after verdict and judgment, cures errors not previously made ground of objection. Hence the cases cited would have no force in the case at bar.

4. The jury in the case returned a verdict of guilty in the following words:

"We, the jury, duly impannelled and sworn to try the above entitled cause, do find the defendant guilty of the charge of entering a building and attempting to commit a felony, to-wit robbery, as charged in the information."

Counsel for the defendant contend that the information charges the defendant with a felonious entry, that the court instructed the jury that they must find that the entry was felonious; but that the jury simply found that the entry was made, but failed to find that it was felonious, and hence the verdict does not respond to the charge laid in the information, and hence also the judgment herein, which recited that the defendant had been found guilty of the felonious entry is not supported by the verdict. Counsel contend that the last clause in the verdict "as charged in the information" relates only to entering the building and attempting to commit a felony and cannot be said to relate to the entry being felonious as charged. There are authorities sustaining the contention of counsel. (People v. Lee, 237 Ill. 272, 86 N. E. 573; Kimball v. Territory, 13 Ariz. 310, 115 Pac. 70.) We think, however, that the better opinion is to the contrary. (Licata v. State, 81 Fla. 649, 88 So. 621; Coleman v. State, 16 Okla. Crim. 579, 194 Pac. 282; State v. Jenkins, 60 Wisc. 599, 19 N. W. 406; Peters v. U. S., 94 Fed. 127.) In the case of the State v. Jenkins, supra, the defendant was indicted for receiving stolen goods with knowledge that they were stolen. The jury found the defendant guilty "of receiving stolen money, goods and chattels, in manner and form as charged in the information," without including the fact that the defendant had knowledge that the goods were stolen. The court said:

"The verdict is general, and is not limited by the insertion therein of the words 'of receiving stolen money, goods and chattels,' they were used to express, in general terms, the offense charged in the information, and it would be absurd to give them the effect of eliminating from the verdict

an essential ingredient of the offense. The words were unnecessary in the verdict. They neither add to nor detract therefrom. By any reasonable or sensible construction the jury have found the defendant 'guilty in manner and form as charged in the information.' That is sufficient.''

The case of Licata v. State, supra, was the same kind of a case and essentially the same verdict was returned as in the case of State v. Jenkins, supra. The court said:

''The sufficiency of the verdict under consideration depends upon the meaning of the words 'as charged in the information.' To reject them as surplusage admittedly destroys the verdict. The jury must have had some purpose in employing this language. Rightly construed, we think it is an adverbial phrase qualifying the verb 'receiving.' It finds the character of the act of reception of the stolen goods by plaintiff in error to be as charged in the information. How is he charged in the information with receiving the stolen goods? Knowing them to be stolen. If he received them as charged in the indictment, he received them knowing them to have been stolen, because that was the character of the reception charged. Construing the verdict and information together, as we may, because of the express reference in the verdict to the information, and holding, as seems to have been the intention of the jury, that the qualifying phrase 'as charged in the information' relates to the reception of the goods and defines the character of the act, the verdict may be said to contain a finding on each of the material elements of the crime charged. Thus construed it is sufficient.''

In the case at bar the court instructed the jury on the theory that the defendant was either guilty as charged or not guilty; it gave the jury two forms of verdict in accordance with this theory, one of which, finding the defendant guilty, was returned. We do not think that there can be any doubt in this case as to what the jury meant by the verdict returned.

Finding no prejudicial error in the record the judgment rendered herein in the court below is accordingly affirmed.

Kimball, J., and District Judge Metz concur, the latter sitting in place of Potter, Ch. J., who did not sit.